C. A. & A. D. MORFORD *vs.* THE FARMERS' BANK OF SARA-
TOGA COUNTY.

A banking or other corporation is not authorized to make an accommoda-
tion indorsement; and the same is not binding, unless it appears that the
note has been discounted in good faith by the party suing thereon, in con-
sequence of a representation made by the bank that it was its own note.

APPEAL from a judgment entered in favor of the defend-
ants, a corporation incorporated under the general bank-
ing law, upon the report of H. W Robinson, Esq., referee.
The action was upon a promissory note for $2500, made by
the Chicago, St. Paul and Fon du Lac Rail Road Company,
dated January 9th, 1857, and payable 180 days after date, to
the order of the defendants, who, as the complaint alleges,
indorsed the same by their president, Alfred Noxon, to the
said Alfred Noxon, who indorsed and delivered the same to
the plaintiffs. The indorsements were as follows:

A. NOXON Prest.
A. NOXON.

The referee was of the opinion that the case was within the
prohibition of the 4th section of the amendment to the general
banking law, passed in 1840, *Laws of* 1840, *ch.* 363, *p.* 306,)
against any banking association issuing any bill or note of
the association, (except foreign bills,) unless the same shall
be payable on demand and without interest. A bill or note
issued by a banking association, is in the opinion of the ref-
eree, equally the bill or note of the association, whether it ap-
pears thereon as drawer, acceptor or indorser, and that the pro-
hibition extends to the issuing by the association of a bill or note
not payable on demand, or with interest, *to which it is a party.*

*Monell, Willard* and *Howe,* for the plaintiffs.

*J. C. Mott,* for the defendants.

*By the Court,* CLERKE, J. Although the referee erred in
deciding that this case is within the prohibition of the 4th

section of the amendments to the general banking law, passed in 1840, yet he is right in the main propositions upon which his decision is founded. He correctly finds, that the defendants never owned the note and never had any interest in it; that Mr. Noxon, the president, was never authorized to indorse it in the name of the bank, for the accommodation of the makers, and that he had not any general authority to contract in their name. Even if Noxon was authorized to make the indorsement, yet as the bank never owned the note, and had no interest in it, it would have been a mere accommodation indorsement on their part; which no banking or other corporation is authorized to make; and which is not binding, unless it appears that the plaintiffs discounted it in good faith, in consequence of a representation made by the bank to them, that it was their note. In this case the referee finds as a matter of fact that Mr. Noxon himself, in his own right, appeared as indorser and holder, and solicited the discount for himself.

The judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, February 1, 1858. *Davies, Clerke* and *Sutherland,* Justices.]