THE NATIONAL PARK BANK OF NEW YORK, Respondent, *v.*
THE GERMAN-AMERICAN MUTUAL WAREHOUSING AND
SECURITY COMPANY, Impleaded, etc. Appellant.

While a corporation, organized under the manufacturing act (Chap. 40,
Laws of 1848), has the general power to bind itself by promissory notes
and contracts of indorsement, made in the usual course of business, it
has no power to indorse notes for the accommodation of the maker for a
consideration paid.

Where the maker of a promissory note made payable to his order, and pur-
porting to be indorsed by such a corporation, procures it to be discounted
for his own benefit, if unexplained, this is notice to the discounter that
the indorsement is not made in the usual course of business, but is for the
accommodation of the maker.

Defendant is a corporation, incorporated by special charter (Chap. 701,
Laws of 1872) which gives to it the power and privileges of corporations
organized under the manufacturing act. Its president, without authority
from or knowledge of its board of directors, for a consideration paid to
him, and for the accommodation of the makers, indorsed in its name
by him as president certain promissory notes, made payable to the order
of the makers and indorsed by them. These notes were discounted by
plaintiff for and the avails credited to the makers. In an action upon the
notes, *held*, that said corporation was not liable upon the indorsement.

*Ex parte Estabrook* (2 Lowell's Dec. 547) disapproved.

*Nat. Park Bk.* v. *G. A. M. W. & S. Co.* (21 J. & S. 367) reversed.

(Argued June 27, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
June 8, 1886, which affirmed a judgment in favor of plaintiff,
entered upon the report of a referee.

This action was brought upon certain promissory notes
made by the firm of Squires, Taylor & Co., made payable to
the order of the makers, and alleged to have been indorsed by
defendant, the German-American Warehousing and Security
Company.

The plaintiff was incorporated in 1865 under the national
banking act, and the defendant was incorporated in 1872
under chapter 701 of the Laws of New York, passed May 14,
1872. Both corporations were engaged in business in the city

of New York, the defendant at No. 45 Broad street, and both still exist, though the defendant discontinued all business in May, 1879. Squires, Taylor & Co. (individual partners, Robert C. Squires, Charles E. Taylor and Burnet Forbes) commission merchants, dealing in tobacco at No. 45 Broad street, New York, began business October 1, 1876, and failed December 30, 1878. Robert Squires was a director and the president of the defendant from a date prior to November 1, 1876, until his death in February, 1879, and he was a director of the plaintiff from January 15, 1875, until his death. He was the father of Robert C. Squires, of the firm of Squires, Taylor & Co., a brother-in-law of Burnet Forbes, of that firm, and when Squires, Taylor & Co. failed they owed Robert Squires $25,000.

August 27, 1878, Squires, Taylor & Co., made their promissory note, of which the following is a copy:

"NEW YORK, *August* 27, 1878.

"Four months after date, for value received, we promise to pay to the order of ourselves, at the National Park Bank, in New York, ten thousand dollars, having deposited with said bank, as collateral security for payment of this, or any other liability or liabilities of ours to said bank, due or to become due, or that may be hereafter contracted, the following property, viz., in the store of the German-American Mutual Warehousing and Security Company, one hundred hhds. tobacco, the market-value of which is now $12,500, with the right to call for additional security should the same decline, and on failure to respond, this obligation shall be deemed to be due and payable on demand, with full power and authority to sell and assign and deliver the whole of said property, or any part thereof, or any substitutes therefor, or any additions thereto, at any brokers' board, or at public or private sale, at the option of the said bank, or its president or cashier, or its assigns, and with the right to be purchasers themselves at such brokers' board, or public sale, on the non-performance of this promise, or the non-payment of any of

the liabilities above mentioned, or at any time or times there-
after, without advertisement or notice.   And after deducting
all legal or other costs and expenses for collection, sale and
delivery, to apply the residue of the proceeds of such sale or
sales so to be made, to pay any, either or all of said liabilities
as said bank, or its president or cashier, shall deem proper,
returning the overplus to the undersigned.

"SQUIRES, TAYLOR & CO."

Squires, Taylor & Co., the makers and payees of said note,
indorsed it in blank, and thereupon the president of the
defendant indorsed it as a second indorser in form following:
"German-American Mutual Warehousing and Security Com-
pany, Robert Squires, president."   This note was then
(August 27, 1878) discounted by the plaintiff and the avails
credited to said firm.   September 2, 1878, Squires, Taylor &
Co. made a second note dated that day for the same amount,.
time and in precisely the same form as the first note,
and which was indorsed by said firm and by the defendant
in the same manner, and it was discounted by the plaintiff,
September 11, 1878, for and avails credited to said firm.
September 11, 1878, Squires, Taylor & Co. made a third
note, dated that day, for $12,000, for the same time and in
precisely the same form of the first note, except one hundred
and twenty hogsheads of tobacco, stated to be of the value of
$15,000, were pledged as security.   Said firm and this defend-
ant indorsed said note in the same manner in which the first
note was indorsed, and it was then (September 11, 1878) dis-
counted by the plaintiff for and the avails credited to said firm.
November, 27, 1878, Squires, Taylor & Co. made a fourth
note dated that day for $4,000, for the same time and in pre-
cisely the same form of the first note, except forty hogsheads
of tobacco, stated to be of the value of $5,000, were pledged
as security.   Said firm and this defendant indorsed said note
in the same manner in which the first note was indorsed, and it
was, on that day (November 27, 1878), discounted by the
plaintiff for and the avails credited to said firm.   Squires,

Taylor & Co. paid the president of the defendant $360 for indorsing said four notes, being at the rate of one-fourth of one per cent per month for every month of the time said notes run. In December, 1878, said firm pledged to said bank forty hogsheads of tobacco as security for the four notes in addition to those pledged as security for each note. The four notes were dishonored and duly protested. Upon a sale of the tobacco pledged, the first and second notes were paid and such sums applied on the third and fourth notes that there was due on them May 7, 1879, $12,621.63, for the recovery of which this action was brought against the members of the firm of Squires, Taylor & Co., who did not defend, and against the appellant, which defends on the grounds:

(1.) That the board of directors of the defendant was without power to authorize its president to bind it by contracts of indorsement, made for the accommodation of others for a consideration paid by them.

(2.) That its board of directors never authorized its president to make these or like indorsements.

(3.) That its president being a director of the plaintiff, an officer of both corporations, the contracts of indorsement are void, and that the plaintiff had knowledge of the facts constituting the alleged defenses when it discounted the notes.

Upon the trial before a referee, the defenses were overruled and a judgment ordered for the amount claimed.

*William H. Ingersoll* for appellant. The defendant is a corporation created by a public act (Laws 1872, chap. 701, p. 1666), and all persons dealing with it are charged with knowledge of its charter. (Angell & Ames on Corp. [9th ed.] § 111; 2 Kent's Com. 228; 1 Kyd on Corp. 104; Green's Brice's Ultra Vires, 29; *P., D. & M. S. N. Co.* v. *Dandridge,* 8 G. & J. 248.) Corporations are not only incapable of making contracts which are forbidden by their charter, but in general they can make none which are not necessarily essential, either directly or indirectly, to effect the objects of their creation. (Angell & Ames on Corp. 139; 5 Cow. 560; *N. Y.*

*F. Ins. Co* v *City*, 15 Johns. 383 ; 2 Cow. 678 ; *People* v.. *U. Ins. Co.*, 3 Wend. 482 ; *N. R. Ins Co.* v. *Lawrence*, 4 Kent's Com. 240 ; *Broughton* v. *S. W. Works*, 1 Eng. C. L. 215 ; *Bell* v. *Cunningham*, 3 Pet. 69.)    This defendant. corporation is one of limited and special powers.    (Potter on Corp. §§ 8, 54, 75, p. 190; Green's Brice's Ultra Vires, 278 ; *U. Ins. Co.* v. *Scott*, 19 Johns. 1 ; *Leavitt* v. *Yates*, 4 Ed. Ch. 174 ; *Adriance* v. *Roome*, 52 Barb. 399 ; Laws of 1872, chap. 701, §§ 3, 75.)    No power to create such an obligation is conferred on this company ; no such power can be implied. (Laws 1872, chap. 818, p. 1929 ; id. chap. 858, p. 2115 ; Laws 1871, chap. 278, p. 549 ; id. chap. 616, p. 1320 ; id. chap. 506, p. 1056 ; Laws 1870, chap. 689, p. 1634; Sedgwick on Stat. Constr. [2d ed.] 291, 294 ; *F. and M. Bank* v. *E. S. D. Co.*, 5 Bosw. 275 ; *Central Park* v. *E. S. D. Co.*, 26 Barb. 23 ; *Morford* v. *F. Bank of Saratoga*, id. 568 ; *Bank of Genesee* v. *Patchin Bank*, 3 Kernan, 309 ; *P., D. & M. S. N. Co.* v.. *Dandridge*, 8 G. & J. 248.)    Whatever is not unequivocally granted is deemed to be withheld.    (Sedgwick on Stat Constr. 291, 294 ; *N. Ins. Co.* v. *Scott*, 19 Johns. 1 ; *People* v. *Lambin*, 5 Denio, 1 ; *F. L. Co.* v. *Carroll*, 5 Barb. 613 ; *Bank of U. S.* v. *Davis*, 6 Peters, 51 ; *Beatty* v. *Knowles*, 4 id. 152 ; *Alexander* v. *Cauldwell*, 83 N. Y. 480 ; *Briggs* v. *Georgia*, 15 Vt. 61, 72 ; *People* v. *Schermerhorn*, 19 Barb. 540 ; *McKenna* v. *Weller*, 11 Cal. 49.)    The real question here is, as to the power of this company under its charter, if it had done such an act, to indorse the notes of other parties not passing through its hands for value in the regular way of business.    (*Central Bank* v. *E. S. D. Co.*, 23 Barb. 23 ; *Bank of U. S.* v. *Davis*, 2 Hill, 451 ; *L. S. Bank* v. *Winchester*, 8 Allen, 109 ; *Zabriskie* v. *C. R. R. Co.*, 23 How. [U. S.] 398 ; *Pierce* v. *Madison*, 12 How. 443 ; *Sa'em Bank* v. *Gloucester Bank*, 17 Mass. 1 ; *In re Floyd*, 7 Wall. 676 ; *U. S.* v. *Bank of Columbus*, 21 How. [U. S.] 364 ; *Adriance* v. *Roome*, 52 Barb. 399 ; *Alexander* v. *Cauldwell*, 83 N. Y. 480 ; *Dabney* v. *Stevens*, 2 Swee. 415 ; 2 Lov.424 ; *Chicago, etc.*, v. *James*, 22 Wis. 194.; *F. L. and T. Co.* v. *Carroll*, 3 Barb.

613, 641; *Farmers' Bank* v. *Harrison*, 57 Mo. 503; *Beatty* v. *Knowles*, 4 Pet. 152; *Brady* v. *Mayor, etc.*, 20 N. Y. 312; *Paines* v. *Coates*, 51 Miss. 335; *W. R. Co.* v. *Young*, 12 Md, 476; *Silliman* v. *F. R. R. Co.*, 27 Gratt, 120; *Custar* v. *T. G. Co.*, 63 Pa. St. 381; *H. etc., R. R. Co.* v. *Decker*, 82 id. 119; *Westervelt* v. *Rudde*, N. Y. Com. Pl., Oct. 1877; *National Bank* v. *Norton*, 1 Hill, 572; *Hayward* v. *Pilgrim Soc.*, 21 Pick. 270; *Farmers' Bank of Bucks Co.* v. *McKee*, 2 Penn. St. 318; *Blue* v. *Bear River*, 20 Cal. 602; *Burns* v. *Pernell*, 2 H. of L. Cas. 520; *Beatty* v. *Carswell*, 1 Am. L. C. [4th ed.] 565.) This bank is not a *bona fide* holder for value without notice. (*Bank of U. S.* v. *Davis*, 2 Hill, 451; Story on Agency, 131; *Sandford* v. *Hawley*, 23 Wend. 260; *National Bank* v. *Norton*, 1 Hill, 572; *Bissell* v. *M. S. R. R. Co.*, 22 N. Y. 304; *Sutton* v. *Dillaye*, 3 Barb. 529; *Fulton Bank* v. *Benedict*, 1 Hill, 480; *Fulton Bank* v. *N. Y. C. Co.*, 4 Paige, 136; *Porter* v. *Bank of Rutland*, 19 N. Y. 410; *Smith* v. *S. R. Bank*, 32 Vt. 341; Potter on Corp. 87; *Palmer* v. *Yates*, 3 Sandf. 138; *Adriance* v. *Roome*, 52 Barb. 399; Brice's Ultra Vires, 159; *Adams* v. *Mills*, 60 N. Y. 533, 537, 538; *Dabney* v. *Stevens*, 40 How. 341; *E. R. Bank* v. *Hoyt*, 41 Barb. 444; Monarchs on Corp. 1, § 351; id. 2, §§ 606, 607; *W. S. L. S. R. R. Co.* v. *S. C. R. R. Co.*, 95 U. S. 557; *Claflin* v. *Farmers' Bk.*, 25 N. Y. 293; *Jewitt* v. *Miller*, 10 id. 402; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 14 id. 85; *Gardner* v. *Ogden*, 22 id. 327; *Y. B. Co.* v. *McKenzie*, 3 Paton's App. Cas. 378; 84 N. Y. 199; 6 Paige, 498; *Kelly* v. *R. R. Co.*, 77 Ill. 436; *C. C. Co.* v. *Sherman*, 30 Barb. 572; *H. C. Co.* v. *C. C. Co.*, 16 Md. 478, 493; *C. C. Co.* v. *Parrish*, 42 id. 598; 14 Abb. N. C. 103, 288; 11 Daly, 367; *Continental Co.* v. *Empire Co.*, 4 Fish. 428; 8 Blatchf. 295; *S. C. Co.* v. *Sheldon*, 5 Fish. 477; 10 Blatchf. 1; *Coulter* v. *Richmond*, 59 N. Y. 478; 15 Hun, 303; *Cromwell* v. *Hewitt*, 40 N. Y. 491; *F. and M. Bk.* v. *E. S. D. Co.*, 5 Bosw. 275; *Morford* v. *F. Bk. of Saratoga*, 23 Barb. 23, 564; *Central Bk.* v. *E. S. D. Co.*, 26 id. 23; *Genesee Bk.* v. *Patchen Bk.*,

3 Kern. 309.)  The company cannot be considered liable for its acquiescence in the transactions.  (Potter on Corp. 197, 211; Daniel on Neg. Inst. § 316; *Alexander* v. *Cauldwell,* 83 N. Y. 480; *Dabney* v. *Stevens,* 2 Sw. 428; Green's Brice's Ultra Vires, 462; *C. C. Co.* v. *Sherman,* 30 Barb. 575; *Adair* v. *Brimmer,* 74 N. Y. 554; *Smith* v. *Rathbone,* 22 Hun, 155; *Baldwin* v. *Burrows,* 47 N. Y. 199, 212; *Owingo* v. *Hull,* 9 Peters, 608; *Nixon* v. *Palmer,* 8 N. Y. 398; *Seymour* v. *Wyckoff,* 6 id. 224; *Penn. Co.* v. *Danridge,* 8 G. & J. 323; *Smith* v. *Tracy,* 36 N. Y. 79, 83; 2 Greenl. Ev. § 66; Story on Agency, §§ 239, 253; *Evans* v. *Wills,* 22 Wend. 324; *Palmerton* v. *Huxford,* 4 Denio, 166; Angell & Ames on Corp. §§ 216, 232, 304, 517; Morawetz on Priv. Corp. 46, §§ 76, 77; 1 Bl. Comm. 475; *Tillson* v. *Newell,* 13 Mass. 406; *Harris* v. *M. M. Co.,* 4 Blackf. 267; *Roberts* v. *Button,* 14 Vt. 195; *Wheelock* v. *Moulton,* 15 id. 521, 522; 1 Phil. on Ev. [C. & H. ed.] 379.)  Entries in the handwriting of parties in interest and "*particeps criminis,*" are not proper evidence against the company unless proof of authority for the transactions in question be first shown from some other source.  (*Ocean Bk.* v. *Carll,* 55 N. Y. 440; 9 Hun, 239; *Chenango Br. Co.* v. *Leach,* 63 Barb. 111; *Alexander* v. *Cauldwell,* 83 N. Y. 480.)  These notes were clearly accommodation paper and in the hands of the makers.  (*Hall* v. *A. T. Co.,* 27 Cal. 255; *Bk. of Genesee* v. *Patchin,* 19 N. Y. 312; *Central Bk.* v. *E. S. D. Co.,* 26 Barb. 23; *Morford* v. *F. Bk. of Saratoga,* Id. 568; 3 Kern. 309; *B. C. Bk.* v. *E. S. D. Co.,* 30 Barb. 421; *Smead* v. *I. R. R. Co.,* 14 Ind. 203; *Laverty* v. *Burr,* 1 Wend. 529; 2 R. S. 407, § 80; 1 Greenl. on Ev. [13th ed.] 206, § 175; *Boyd* v. *Plumb,* 7 Wend. 311; *Bk. of Vergennes* v. *Cameron,* 7 Barb. 143; *Mowrey* v. *I. R. R. Co.,* 4 Biss. 78; *Commonwealth* v. *Green,* 4 Whart. 531.)  The bank was bound by that knowledge of one of its directors acting in the very matter upon his own acts of indorsement previously made.  (*National Bk.* v. *Norton,* 1 Hill, 572; *H. and L. Bk.* v. *Martin,* 1 Met. 294; *U. S. Bk.* v. *Davis,* 2 Hill, 451; *Fulton Bk.* v. *N. Y. & S. C. Co.,* 4 Paige, 127;

*N. S. Bk.* v. *Cushman,* 121 Mass. 490; Morawetz on Corp. 243.) The bank which passed, ratified or did these discounts in the board, by its director Squires, cannot set up ignorance of what he knew so as to be in a better position than he would have been if he had been dealing on his own account as principal. (*M. & C. R. R. Co.* v. *Mowrey,* 28 Hun, 84; *Jacand* v. *French,* 12 East, 317; *Pearson* v. *C. R. R. Co.,* 28 A. L. J. 367; *Duncombe* v. *N. Y. & N. H. R. R. Co.,* 84 N. Y. 199; *Davoue* v. *Fanning,* 2 Johns. Ch. 250; *Bk. Comrs.* v. *Bk. of Buffalo,* 6 Paige, 497.) Justice cannot invoke against this company the rule that where the question is between two ignorant and innocent parties the one which has put it in the power of its agent to commit a fraud must suffer. (*T. B. Co.* v. *Bettsworth,* 80 Conn. 380; *Bk. of U. S.* v. *Davis,* 2 Hill, 451; *Lawrence* v. *Gebhard,* 41 Barb. 575; *Hall* v. *C. Bk.,* 18 Wend. 477.)

*Francis C. Barlow* for respondent. The defendant's by-laws gave Squires, president, authority to indorse. (*Hascall* v. *L., etc., Co.,* 5 Hun, 151; *Coats* v. *O'Donnell,* 94 N. Y. 176; *Goodwin* v. *Screw Co.,* 34 N. H. 380; *N. R. Bank* v. *Aymar,* 3 Hill, 262; *B. and D. Bank's Case,* 16 N. Y. 125; 26 How. 1; 14 N. Y. 623; *Bank* v. *Turquand,* 5 El. & Bl. 248; 6 id. 327, 332; 34 N. Y. 30; *Bank* v. *Monteath,* 26 id. 505; *Griswo'd* v. *Haven,* 25 id. 595; *Bank* v. *Cornen,* 37 id. 320.) Everyone is presumed to do his duty and to act rightly instead of wrongly. (*Nelson* v. *Eaton,* 26 N. Y. 415; Squires' source of authority was the defendant's course of business, known to and done with the authority of its directors. (*Phillips* v. *Campbell,* 43 N. Y. 271.) The fact that the notes in suit were drawn to the order of the makers, and indorsed by them in blank before Squires' indorsement, instead of being drawn to the order of Squires, president, is wholly immaterial. (*C. Bank* v. *Norton,* 1 Hill, 501; *Olcott* v. *T. R. R. Co.,* 27 N. Y. 560; *M. Bank* v. *State Bank,* 10 Wall. 600; *Watkins* v. *Vince,* 2 Stark. 368.) That the notes in suit were drawn to the order of the makers, instead of to the order

of the defendants, did not indicate that the indorsement of
Squires, president, was for the accommodation of the makers.
(*Bank* v. *Hall*, 83 N. Y. 338; *L. Bank* v. *S. Co.*, 2 Mo.
App. 299, 302.) The directors committed the whole man-
agement of the company to his hands, and hence must be
deemed to have given him all the powers which they them-
selves could exercise. (*Schuyler Case*, 34 N. Y. 30; *F. S.
Inst.* v. *Nat. Bk.*, 80 id. 162; *Kennedy* v. *Greene*, 3 M. & K.
699; *N. H. and D. B. Co.* v. *Phœnix Bk.*, 3 Comst. 156;
*City Bk.* v. *Perkins*, 4 Bosw. 420, 441, 444; *Beers* v. *Phœnix
Glass Co.*, 14 Barb. 358, 360, 361; *Conover* v. *Ins. Co.*,
1 N. Y. 290, 293.) Declarations of an officer only bind his
corporation when made as a part of some *res gestæ* — that is,
when he is engaged in the business of his corporation. (*Ander-
son* v. *R. R. Co.*, 54 N. Y. 334, 340, 341; *White* v. *Miller*,
71 id. 118, 135, 136; *Luby* v. *R. R. Co.*, 17 id. 131; *Bank*
v. *Bank*, 60 id. 297; *Bank* v. *Steward*, 37 Me. 519, 522–528;
*Budlong* v. *Van Nostrand*, 24 Barb. 28; *Bowen* v. *Bank*,
11 Hun, 227, 229; *Utter* v. *R. R. Co.*, 6 Daly, 227;
*F. Church* v. *Ins. Co.*, 23 How. 450; *Alexander* v. *Cauld-
well*, 83 N. Y. 486; *Davis* v. *Randall*, 115 Mass. 547;
*Abray* v. *Crux*, L. R., 5 C. P. 37.) The plaintiffs had a right
to suppose that the defendants were doing an ordinary ware-
house business, and the defendants' directors were bound, as
to third persons, to look after Squires as much as ever.
(*Union Bk.* v. *Landon*, 66 Barb. 189, 194.) It is immaterial
that the charter of this corporation contains the provision
that the company may execute contracts, etc., "which said
instruments, or any of them, shall bear the impress of the
common seal of the company, and be signed by the president
and be countersigned by the secretary or treasurer, or may be
in any other usual and proper manner executed, as the board
of directors of said company, may by by-laws or by resolution,
prescribe." (*Barnes* v. *O. Bk.*, 19 N. Y. 152; *Lee* v. *Pitts-
burgh Co.*, 56 How. 377; *Nowell* v. *Mayor, etc.*, 9 Exch. 457.)
A *bona fide* holder for value, without notice, can recover upon

accommodation paper made by a corporation, even though the corporation has no power to make it. (*M. B. Assn.* v. *N. Y., etc., W. L. Co.*, 23 How. 74, 79; 35 N. Y. 505; *Bk. of Genesee* v. *Patchin Bk.*, 13 id. 309; 19 id. 312, 319–321; *F. N. Bk.* v. *Hall*, 44 id. 395, 397; *Bissell* v. *R. R. Co.*, 22 id. 289, 290; *Booth* v. *F. and M. Bank*, 4 Lans. 306; *Weeks* v. *Fox*, 3 T. & C. 355, 356; *Booth* v. *Bank*, 50 N. Y. 400, 401.) If a corporation has the power to make a particular contract under any circumstances, third persons have a right to suppose that the contract was made for a legitimate purpose. (*Bissell* v. *R. R. Co.*, 22 N. Y. 289, 290; *City of Lexington* v. *Butler*, 14 Wall. 296; *Merchants' Bank* v. *State Bank*, 10 id. 644, 645; *Barnes* v. *Ontario Bank*, 19 N. Y. 164; *Safford* v. *Wyckoff*, 4 Hill, 445; 1 Parsons on Notes and Bills [2d ed.] 165; *Willmarth* v. *Crawford*, 10 Wend. 344; 6 id. 615.) The plaintiffs knew nothing of the dealings between Squires, Taylor & Co. and the defendants, out of which the indorsement grew, and, therefore, were only obliged to inquire or to assume the fact without inquiry, subject to the obligation of proving the fact, if necessary. (*Cowing* v. *Altman*, 71 N. Y. 443; *Williams* v. *Mitchell*, 17 Mass. 101.) Defendants had power to make or indorse commercial paper for some purposes. (*Barry* v. *Merchants' Exchange*, 1 Sandf. Ch. 280, 289, 308, 309; *Curtis* v. *Leavitt*, 15 N. Y. 9, 62, 63; *Smith* v. *Law*, 21 id. 298, 299; Angell & Ames on Corp., § 257; *Willmarth* v. *Crawford*, 10 Wend. 342, 343; *Olcott* v. *R. R. Co.*, 40 Barb. 187; *Leavitt* v. *Blatchford*, 5 id. 9, 24; *Ex parte P. R. Co.*, L. R., 2 Ch. App. 617, 624; *Kent* v. *Mining Co.*, 78 N. Y. 176, 177; Laws 1872, chap. 701, p. 1667.) The notes in suit were not indorsed for the accommodation of Squires, Taylor & Co. (*Patchin Bank Case*, 13 N. Y. 315; *C. M. Ins. Co.* v. *R. R. Co.*, 41 Barb. 1, 25; *Arnott* v. *R. R. Co.*, 5 Hun, 608, 610, 611; *Zabriskie* v. *R. R. Co.*, 23 How. [U. S.] 381, 399; *In re W. E. Bank*, L. R. 14 Ch. Div. 317; *Mottram* v. *Mill*, 2 Sandf. Ch. 189, 192; *Gihon* v. *Stanton*, 9 N. Y. 483; *More* v. *Ward*, 1 Hilt. 337, 443; *Talman* v. *Bank*, 18 Barb. 123; *Hurd* v. *Green*, 17 Hun, 334; *Earl* v. *Peck*, 64 N. Y. 596, 599; *Oak-*

*ley* v. *Boorman*, 21 Wend. 594; *Goodman* v. *Harvey*, 4 Ad. & El. 870.) No amount of negligence on the part of the holder of paper, in neglecting to attend to facts of which he has notice, is a defense. (*Magee* v. *Badger*, 34 N. Y. 249; *Hotchkiss* v. *Nat. Bks.*, 21 Wall. 354, 359; *Ex parte Estabrook,* 2 Lowell's Dec. 547, 549; *Raphael* v. *Bank of England,* 17 C. B. 161; *Goodman* v. *Simonds,* 20 How. 343; *Murray* v. *Lardner,* 2 Wall. 110; *Michigan Bank* v. *Eldred,* 9 id. 544.) The warehouse company had power to indorse the notes of persons who had stored property in their warehouses. (*Munn* v. *Commission Co.,* 15 Johns. 14; *Hascall* v. *Ins. Co.,* 5 Hun, 151, 155; *Tripp* v. *S. Mfg. Co.,* 13 Pick. 291, 293; *Furniss* v. *Gilchrist,* 1 Sandf. 53, 57; *Holbrook* v. *Bassett,* 5 Bosw. 147, 148, 162; *Lucas* v. *Pitney,* 3 Dutcher [N. J.] 221, 228, 229; *R. R. Co.* v. *Howard,* 7 Wall. 392, 412; *Talman* v. *Rochester Bank,* 18 Barb. 123; *Westfield Bank* v. *Comen,* 37 N. Y. 320; *Bank* v. *Savery,* 82 N. Y. 291; 18 Hun, 40, 41.) As a single director Robert Squires had no power to make discounts. (*Seneca Bank* v. *Neass,* 5 Denio, 329; *In re M. E. Co.,* L. R., 7 Ch. App. 168; *L. Bank* v. *Senecal,* 13 La. 527.) If Squires had acted in the board in discounting these notes, his knowledge would not be that of the bank, under the circumstances of this case. (*Kennedy* v. *Green,* 3 M. & K. 699, 720; *In re E. Bank,* L. R., 5 Ch. Ap. 361, 362; *Bank* v. *Cunningham* 24 Pick. 270, 274; *Lucas* v. *Bank,* 2 Stuart, 321; *Barnes* v. *Gas Co.,* 27 N. J. Eq. 36.)

FOLLETT, Ch. J. The statute by which the defendant was incorporated provides that, in addition to the powers therein enumerated, it shall possess all the powers and privileges of corporations organized under the manufacturing act (Chap. 40, Laws 1848), and the acts extending and amending the same, except wherein such acts are inconsistent with the provisions of the incorporating statute. The litigants agree that the defendant's board of directors had power to authorize its president to make and indorse promissory notes for the purpose of transacting the business it was authorized to engage

in, and that such power was conferred by the board on its president. The powers of corporations are those enumerated in the statutes under which they are incorporated, in general statutes, in the articles of association, and like instruments executed in pursuance of the statutes, denominated by Mr. Brice "constating instruments." (Ultra Vires [2d Am. ed.] 27, and also such powers as flow from or are incidental and necessary to the exercise of the enumerated powers. (1 R. S., 599, §§ 1–3.) Counsel have not directed our attention to, nor have we found in any of the statutes referred to, a provision empowering the defendant to bind itself by making or indorsing promissory notes for the accommodation of the makers for a consideration paid.

It is well settled that such a power is not incidental to the powers expressly conferred on corporations organized under statutes authorizing the formation of corporations for banking, insuring, manufacturing and like business corporations. (*Central Bank* v. *Empire Stone Dressing Co.*, 26 Barb. 23 ; *Bridgeport City Bank* v. *Same*, 30 id. 421 ; *Farmers and Mechanics' Bank* v. *Same*, 5 Bosw. 275 ; *Morford* v. *Farmers' Bank of Saratoga*, 26 Barb. 568 ; *Bank of Genesee* v. *Patchin Bank*, 13 N. Y. 309 ; *Ætna National Bank* v. *Charter Oak Life Ins. Co.*, 50 Conn. 167 ; *Monument National Bank* v. *Globe Works*, 101 Mass. 57 ; *Davis* v. *Old Colony R. R. Co.*, 131 id. 258 ; *Culver* v. *Reno Real Estate Co.*, 91 Penn. 367 ; *Hall* v. *Auburn Turnpike Co.*, 27 Cal. 255.) The defendant having the general power to bind itself by promissory notes and contracts of indorsement, the plaintiff is entitled to recover if it is a holder of the notes for value and without notice that they were indorsed for the accommodation of the makers, and not in the usual course of business. The referee finds that in consideration of one-fourth of one per cent per month for every month of the time on which the notes were given, the defendant indorsed for Squires, Taylor & Co. between November 10, 1876, and August 27, 1878, the date of the first note in suit, nineteen notes precisely like the four in suit, except dates and amounts, aggre-

gating $170,000, which were discounted by the plaintiff for, and the avails placed to the credit of Squires, Taylor & Co.

The referee also finds that defendant's president was never authorized by its board of directors to indorse commercial paper for the accommodation of makers, or to indorse such paper for a consideration paid by the makers, and that none of them knew that such indorsements had been made until this action was brought.

The fact that the maker of a promissory note procures it to be discounted for his own benefit is, if unexplained, notice to the discounter that the indorsement is not in the usual course of business, but it is for the accommodation of the maker. (*Stall* v. *Catskill Bank,* 18 Wend. 466; *Fielden* v. *Lahens,* 9 Bosw. 436; 3 Trans. App. 218; 2 Abb. Ct. App. Dec. 111; 6 Abb. [N. S.] 341; 1 Ames' Cas. on Bills and Notes, 738; *Bank of Vergennes* v. *Cameron,* 7 Barb. 143; *Hendrie* v. *Berkowitz,* 37 Cal. 113; *Lemoine* v. *Bank of North America,* 3 Dillon, 44; *Bloom* v. *Helm,* 53 Miss. 21; Daniel on Neg. Inst. [2d ed.] 297, § 365; Edw. on Bills [3d. ed.] 98, § 105.)

*Ex parte Estabrook* (2 Lowell's Dec. 547), is opposed to these authorities, but this case is in conflict with the decisions in this state, and we believe it to be without the support of any well-considered case.

The indorsements having been made for the accommodation of the makers, and the plaintiff, having discounted the notes with notice of that fact, cannot recover.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.