RICHARD K. FOX, Plaintiff, *v.* THE RURAL HOME COMPANY (LIMITED), Defendant.

*Corporation — accommodation indorsement by it — the burden is upon one who discounts an accommodation note to show power in the corporation to indorse it — the form of the transaction, immaterial — estoppel.*

Corporations organized under the statutes of the State of New York cannot bind the property of the corporation by accommodation indorsements, except such corporations as are organized for the purposes of guaranty and indemnity, and the latter cannot do so unless they receive a valuable consideration for the service.

In an action upon a promissory note which was defended by an indorser, a domestic corporation, upon the ground that the indorsement was for accommodation, and that the plaintiff who discounted the note was informed of the character of the indorsement at the time when he discounted it, it appeared that the indorsement was made by the cashier of the corporation (but no proof was given that he had authority to indorse for accommodation) ; that at the time of the discount the plaintiff drew his check for the proper amount to the order of the corporation, the indorser, and that the check was deposited to its account, and that on the same day its cashier gave checks to another company which covered the amount.

Held, that the burden was upon the holder of the note to show that the corporation had power to indorse for accommodation, and also that its cashier had power to make the indorsement in question or similar indorsements;

That the fact that the cashier of the corporation, without authority, deposited to defendant's credit the check given by the plaintiff for the note and then transferred the proceeds of the discount to another company by the checks of the corporation, was of no more significance than if he had given the money to such company or had indorsed the check over to it;

That neither a consideration nor an estoppel could be predicated upon his action.

Motion by the defendant, The Rural Home Company (Limited), for a new trial upon a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit on the 21st day of February, 1895.

This action was begun April 21, 1893, to recover the amount due on a promissory note made December 9, 1892, by Arthur G. Gates, whereby he promised to pay H. H. Warner, or order, $5,000 at the Gallatin National Bank of New York, four months after date, which, December 23, 1892, was indorsed by the payee and by the defendant in the form following : " The Rural Home Co., Limited, E. C. Stebbins, Cashier."

The note was discounted on the same day by the plaintiff, who drew his check for the avails, $4,908.33, payable to the order of the Rural Home Company (Limited), which was deposited to the credit of its bank account, and on the same day that company, by its cashier, drew two checks payable to " the order of Wm. M. Earl, Treas.," amounting to $4,908.33. William M. Earl was then the treasurer of the Industrial and Mining Company, to which corporation the checks were paid. When the note fell due it was dishonored and duly protested for non-payment, of which the indorsers had due notice. This action was brought against the maker and both

indorsers; the maker and first indorser did not answer, and the action was continued against the present defendant.

It is alleged in the complaint, and not denied in the answer, that the defendant is a domestic corporation, but it is not alleged, nor was it proved on the trial, under what statute or for what purpose it was incorporated. As a defense it is alleged that the defendant is an accommodation indorser, which was well known to the plaintiff when he discounted the note, and that Edward C. Stebbins was without authority to make the indorsement.

When the note was discounted Edward C. Stebbins told the plaintiff that the money was not for the Rural Home Company (Limited), but was for the Industrial and Mining Company. The Rural Home Company (Limited) did not retain the proceeds of the note, and at the time it was not indebted to the Industrial and Mining Company. Edward C. Stebbins had authority to draw checks and indorse notes taken by defendant in the course of its business, but there is no evidence that he was authorized to make accommodation indorsements. These facts are undisputed. At the close of the plaintiff's case the defendant moved to dismiss the complaint on the ground that the corporation was not bound by the indorsement, which was denied and an exception taken, and thereupon a verdict was directed for the plaintiff, and the exceptions were ordered to be heard at the General Term in the first instance.

*Joseph N. Tuttle*, for the plaintiff.

*Charles Steele* and *C. A. de Gersdorff*, for the defendant.

FOLLETT, J.:

It is unfortunate that the record does not disclose under what statute and for what purpose this defendant, a domestic corporation, was incorporated, for it would have enabled the court to deal with known facts, instead of resting its decision on presumptions. So far as we know no corporations organized under the statutes of this State are authorized to bind the property of their shareholders by accommodation indorsements, except corporations organized under the statutes providing for the incorporation of guaranty and indemnity companies, and we know of no statute authorizing such corpo-

rations to make accommodation indorsements without receiving a valuable consideration.

It has been held that banks organized under the statutes of this State have no such power. (*The Bank of Genesee* v. *The Patchin Bank*, 13 N. Y. 309; *Farmers & Mechanics' Bank* v. *Butchers & Drovers' Bank*, 16 id. 125, 128; *Morford* v. *The Farmers' Bank of Saratoga County*, 26 Barb. 568.)

Manufacturing corporations have no such power. (*The Central Bank* v. *The Empire Stone Dressing Co.*, 26 Barb. 23; *The Bridgeport City Bank* v. *The Empire Stone Dressing Co.*, 30 id. 421; *The Farmers & Mechanics' Bank* v. *The Empire Stone Dressing Co.*, 5 Bosw. 275; *Wahlig* v. *The Standard Pump Manufacturing Co.*, 25 N. Y. St. Repr. 864; *Filon* v. *The Miller Brewing Co.*, 38 id. 602.) The same rule is held in Massachusetts. (*Monument National Bank* v. *Globe Works*, 101 Mass. 57; *Davis* v. *Old Colony Railroad Company*, 131 id. 258.) In the latter case it was also held that a railroad had no such power.

Warehousing and security companies have no such power. (*The National Park Bank* v. *G. A. M. W. & S. Co.*, 116 N. Y. 281.) In Connecticut it is held that life insurance companies are without this power. (*Ætna National Bank* v. *Charter Oak Life Insurance Company*, 50 Conn. 167.) In California it has been held that turnpike companies have no such power. (*Hall* v. *Auburn Turnpike Co.*, 27 Cal. 256.) In Pennsylvania it is held that corporations organized to hold real estate, mine for and deal in oil, have no such power. (*Culver* v. *Reno Real Estate Company*, 91 Penn. St. 367; 1 Mor. Corp. [2d ed.] §§ 389, 423 *et seq.*; 4 Thomp. Corp. §§ 5739 *et seq.*)

The learned counsel for the appellant does not gainsay this rule, but urges that the indorsement was not an accommodation one because the check given by the plaintiff for the avails of the note was payable to the defendant's order, was indorsed by it, and credited to it by the bank where it kept its account. Edward C. Stebbins, defendant's cashier, was called as a witness by the plaintiff and testified that he told the plaintiff when the note was discounted that the money was not for the defendant, but was for the Industrial and Mining Company, which was not disputed. On the same day two checks were drawn by defendant's cashier on the bank

where it kept its account for the full amount of the avails of the note, payable to " the order of Wm. M. Earl, Treas.," who was the treasurer of the Industrial and Mining Company. There is no evidence showing that defendant's cashier was authorized to bind it by an accommodation indorsement, and it having been shown to be such, which fact the plaintiff knew before taking the note, the burden was on him to show that the defendant had power to make such an indorsement, and that its cashier was authorized to make this or such indorsements. This burden the plaintiff did not assume, and the evidence is not of a character to authorize the court to presume that the defendant was authorized to make an accommodation indorsement, or that its cashier had power to make such indorsement. The fact that the defendant's cashier, acting without authority, deposited the avails of the note to defendant's credit, and on the same day checked it out for the benefit of the Industrial and Mining Company, is of no more significance than though he had taken the money and given it to the latter corporation or had indorsed the plaintiff's check to that corporation, and neither a consideration nor an estoppel can be predicated upon these facts. (*National Bank of Commerce* v. *Atkinson*, 55 Fed. Rep. 465 ; affd. *sub nom.*, *National Bank of Commerce* v. *First National Bank*, 27 U. S. C. C. App. 88.) There being no evidence that the defendant was authorized to bind itself by this indorsement, and no evidence that its cashier was authorized to make it, and no evidence upon which an estoppel can be based, the plaintiff failed to establish a cause of action, and the defendant's exceptions should be sustained, the verdict set aside and a new trial granted, with costs to the defendant to abide the event.

VAN BRUNT, P. J., concurred in result.

Exceptions sustained, verdict set aside and new trial granted, with costs to defendant to abide event.