(65 Misc. Rep. 18.)

### MORRIS v. ERNEST WIENER CO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. CORPORATIONS (§ 374*) — INCIDENTAL POWERS — ASSUMPTION OF DEBT OF OTHER CORPORATION.

   Defendant corporation, in consideration that plaintiff would cancel a lease to another corporation and make no further claim against the other corporation, promised to pay the rent that became due on the 1st days of January and February, 1908. *Held*, in an action to recover such rent, that defendant had not the power to assume the debt of another corporation for a consideration moving to the original debtor; such a power not being incidental to those expressly conferred on a corporation organized under statutes authorizing the formation of corporations for business or manufacturing purposes.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1517, 1518; Dec. Dig. § 374.*]

2. CORPORATIONS (§ 388*)—INCIDENTAL POWERS—ULTRA VIRES ACTS—ESTOPPEL.

   Nor was the corporation estopped from setting up that the act of its president in making such agreement was ultra vires; the doctrine of estoppel in ultra vires being based upon the rule that, where the contract has been executed, the corporation is presumed to have received the benefit and should not be permitted to escape the burden.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1556–1567; Dec. Dig. § 388.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Cora Morris against the Ernest Wiener Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

David Cornblueh, for appellant.

Alexander R. Gulick (Ralph H. Holland, of counsel), for respondent.

LEHMAN, J. The complaint alleges that the plaintiff leased certain premises to the America-West Africa Trading Company, and that the said company did not pay the rent which became due on the 1st day of January and the 1st day of February, 1908; that thereafter the said company requested the plaintiff to give up and cancel the said lease; and that the defendant Ernest Wiener Company, in consideration that the plaintiff would give up and cancel the said lease and should make no further claim against the said West Africa Trading Company thereon, promised and agreed to pay to the plaintiff the amount of rent that became due on the 1st day of January and the 1st day of February, 1908.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Conceding that at the trial the plaintiff produced sufficient evidence of the cancellation of the lease and the agreement upon behalf of the defendant, either made or ratified by its president, to pay the amount of rent then due from the America-West Africa Trading Company, nevertheless she has shown no cause of action against the defendant. Corporations have the power to do certain acts specified in their articles of incorporation or in the general statutes, and such powers as flow from and are incident and necessary to the exercise of the enumerated powers, but no power to assume the debt of another corporation for a consideration moving to the original debtor. It seems well settled that such a power is not incidental to the powers expressly conferred on corporations organized under statutes authorizing the formation of corporations for business or manufacturing purposes. National Park Bank v. German-American Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673.

The act of the president could, therefore, not bind the corporation; nor should the corporation be estopped from setting up that this act was ultra vires. The doctrine of estoppel in ultra vires is based upon the rule that, where the contract has been executed, the corporation is presumed to have received the benefit, and should not be permitted to escape the burden; but where the benefit is alleged and proven to have been rendered to another, and at the request of the party benefited, the rule does not apply. The case is absolutely barren of any proof of benefit to the defendant corporation.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.