C. F. HARMS COMPANY, Respondent, *v.* LEONHARD MICHEL BREWING COMPANY, Appellant.

First Department, January 26, 1917.

Guaranty and suretyship — corporations — ultra vires acts — promise to answer for debt of another not in line of corporate business — guaranty not authorized by resolution of directors — evidence — judgment against defendant in other action.

It was *ultra vires* for a corporation engaged in brewing to guarantee the payment of the liabilities of another company engaged in operating tugs and scows, where the latter business has no relation to the business of the guarantor.

Moreover, there can be no recovery on such guaranty where there is no proof that it was ever authorized by the directors of the corporation.

Where the complaint in an action against the guarantor was based wholly upon the contract of guaranty, it was error to allow a recovery upon the theory that the defendant was primarily liable for the debts of the other company.

In an action on such guaranty it was reversible error to admit evidence that the defendant had been sued in another action by a different plaintiff for the use of scows and tugs and that judgment had been rendered against it.

APPEAL by the defendant, Leonhard Michel Brewing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of May, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of May, 1916, denying defendant's motion for a new trial made upon the minutes.

*I. Maurice Wormser* [*David Bernstein* with him on the brief], for the appellant.

*James A. Martin,* for the respondent.

SCOTT, J.:

Both of the parties to this action are corporations. The plaintiff owns and operates dumping scows and tugs; the defendant is a brewing corporation. The action is upon a written guarantee in the following form: " We, the Leonhard Michel Brewing Company, guarantee the payment of bills for charter, towing, wharfage and labor for loading and unloading of all scows or dumpers chartered from C. F. Harms Company for our account to be used in connection with the Bond Development Company, or its successors, at Bond and Third St. Board Bklyn., N. Y., at $18 per day for dumpers.

" We furthermore guarantee the payment of all bills rendered by C. F. Harms Company within thirty (30) days after bill is rendered.

" In case of cancellation of this guarantee, all scows to be unloaded and returned to us free and clear of all material and all debts, liens and demands for towages, wharfage, labor for loading and unloading, etc. "

It appeared in evidence that there was erected upon defend-

ant's land a dumping board, which was leased to two persons named Donnelly and Odell, who did business under the name "Bond Development Company." The apparent purpose was to use the dumping board, scows and tugs for the disposition of soil excavated in the course of some real estate development scheme, although it appeared that defendant had occasion several times a year to dispose of ashes. There was little attempt on the trial, at least on the part of plaintiff, to try the case upon the theory upon which the complaint was drawn. On the contrary, the effort was made to show that the Bond Development Company was but a name assumed by defendant, and that the services rendered by plaintiff were in fact rendered for the defendant, so that it was liable primarily and not as guarantor. It was seemingly upon this theory that the jury rendered a verdict in plaintiff's favor, but if so it was, in our opinion, quite contrary to the evidence in the case. If the recovery had been limited to payment for the scows and tugs used in removing defendant's ashes it could have been sustained, but this is not what has been recovered. We think, therefore, that the action was tried upon issues not raised by the pleadings, and that the verdict was unsupported by the evidence.

Treating defendant, as the complaint treats it, as a guarantor of the Bond Development Company for the payment of bills incurred for removing excavated material from the dumping ground, it is clear that no recovery could be sustained. There is no evidence that the guaranty was ever authorized by the directors of the corporation, and if it had been it was clearly *ultra vires* of the purpose for which defendant was incorporated. It is settled law that a corporation has no power, by contract or indorsement, to become a surety or guarantor for any other person except in the course of the authorized business of the guarantor or indorser. (*National Park Bank v. German-American Mutual Warehousing & Security Co.,* 116 N. Y. 281.) The numerous cases cited by plaintiff wherein guaranties by brewing corporations of rents and furniture bills have been enforced are not really exceptions to the rule. They proceed upon the theory that such guaranties are in furtherance of the guarantor's authorized business by inducing custom. No such ground for exception appears in the present case.

Finally serious and reversible error was the admission in evidence, over defendant's objections and exceptions, of the fact that defendant had been sued in some other action by a different plaintiff for the use of scows and tugs, and that in that action judgment had gone against defendant and had been affirmed on appeal. Nothing can be plainer than that this evidence was incompetent and calculated to work harm to defendant. (*Mance* v. *Hossington*, 205 N. Y. 33.)

For these reasons the judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., McLAUGHLIN, PAGE and DAVIS, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event. Order to be settled on notice.