### CARLAFTES v. GOLDMEYER CO.

(Supreme Court, Appellate Term. May 18, 1911.)

CORPORATIONS (§ 467*)—POWERS—ULTRA VIRES ACTS.

In the absence of a charter giving such power, an accommodation indorsement given by a corporation is ultra vires, though it takes security for its supposed liability.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1831; Dec. Dig. § 467.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James G. Carlaftes against the Goldmeyer Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Schwed & Frank, for appellant.
Denman & Dixon, for respondent.

BIJUR, J. The plaintiff sued the defendant on an indorsement of a promissory note made by one Leonard to the order of the plaintiff. It is conceded that the defendant corporation was merely an accommodation indorser.

Plaintiff's claim that defendant was a guarantor, as well as an indorser, need not be considered, in face of the express provision of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

section 113 of the negotiable instruments law (Consol. Laws 1909, c. 38), and the fact that the indorsement is a bare unqualified indorsement. It is not necessary to determine whether the learned trial judge was justified in believing that the defendant had received due notice of protest, although nonreceipt of such notice is strenuously insisted upon by the defendant.

The indorsement is plainly ultra vires as to the defendant corporation. It is not pretended that the corporation has any such power by its charter, and the indorsement was not made or given in connection with any business transaction with the defendant. It was purely for the accommodation of Leonard, who happened to be one of its customers. The fact that he gave a second mortgage on some chattels to the defendant as security for the liability supposed to be incurred by· the indorsement does not modify the ultra vires character of the act. National Park Bank v. German-American Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673; Fox v. Rural Home Co., 90 Hun, 365, 35 N. Y. Supp. 896, affirmed 157 N. Y. 684, 51 N. E. 1090. See, also, 10 Cyc. 1109.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.