### ABBOTT v. LE PREVOST et al. (No. 6795.)

(Supreme Court, Appellate Division, First Department. February 5, 1915.)

1. EVIDENCE (§ 423*)—PAROL—LIABILITY ON NOTE.
    In an action against a corporation as indorser on a note, defended on the ground that the indorsement was for the accommodation of the maker and ultra vires, and that plaintiff took the note with notice, the exclusion of evidence as to the circumstances under which the note was made and discounted was error.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1957–1965; Dec. Dig. § 423.*]

2. BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASERS—BURDEN OF PROOF.
    In an action against a corporation as indorser on a note, where it was proved that the indorsement by the corporation's president was for the accommodation of the maker, the burden shifted to plaintiff to show that he was a holder for value, and became such without notice that the indorser was an accommodation indorser, there being no evidence that the president was authorized to make accommodation indorsements, and the corporation being without power to give him such authority.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Emil B. Abbott against George Le Prevost and others. From a judgment in favor of plaintiff, entered upon a verdict directed by the court, the defendant S. T. W. Sanford & Sons, a corporation, appeals. Reversed, and new trial granted.

See, also, 150 N. Y. Supp. 1073.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Hampton D. Ewing, of New York City (George H. Gilman, of New York City, on the brief), for appellant.

Joseph H. Kohan, of New York City (Jerome Steiner, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action on a promissory note, and it is brought against the maker and indorsers. The note bears date the 16th day of October, 1913, and is for $2,500, and was made by the defendant George Le Prevost, payable to the order of the defendant Margaret Le Prevost, one month after date, at the Century Bank, borough of Manhattan, New York. It was indorsed by the payee, and the appellant, which is a domestic business corporation duly incorporated under the act of the Legislature passed on the 17th day of February, 1848 (Laws 1848, c. 40), entitled "An act to authorize the formation of corporations for manufacturing, mining, or chemical purposes," and the acts amendatory thereof, is the second indorser.

It is alleged in the complaint that the appellant indorsed the note for value received, and that thereafter and before maturity it was transferred and delivered to the plaintiff for value, and that he holds and owns it; that payment was duly demanded at maturity, and that the note was duly protested for nonpayment; and that due notice of presentment, demand, and refusal was given to all defendants. The appellant admitted the allegations with respect to the making of the note and that it indorsed the same, but it put in issue the other allegations of the complaint; and for a first separate defense alleged that it was a corporation as aforesaid, and that it received no value or consideration for the indorsement, which was made for the accommodation of the maker and was ultra vires, and that plaintiff took the note with notice and knowledge that its indorsement was for the accommodation of the maker; and for a second separate defense repeated these allegations, and further alleged that plaintiff gave no value or consideration for the note and was not a bona fide holder for value but knew when it received the same that the indorsement of the appellant was without consideration and for the accommodation of the maker.

The plaintiff proved the note, that due notice of protest was given to appellant, and that the name of the appellant was indorsed upon the note by its president, who was authorized to make and indorse notes in the transaction of the business of the corporation. The appellant then proved by its president that he wrote the name of the appellant upon the note as indorser without consideration and solely for the accommodation of the maker. The appellant also showed by the testimony of A. E. Wupperman, who also indorsed the note for his firm,

that the plaintiff said to him after the maturity of the note that he had discounted it at the request of Mr. Budelmann, who was the manager of the Century Bank and recommended it very highly, and that he had not only lost the note, "but he had lost a commission which Mr. Le Prevost had promised to him, or rather Mr. Budelmann had promised to him in behalf of Mr. Le Prevost, and he thought he had been very badly treated"; that at that time Budelmann knew that he had the money in the Century Bank, and that he "wanted to make a little extra money"; that the commission looked alluring to him, of course, but that "he was sorry he made the loan." The maker of the note was called by the appellant, and testified that he had an interview with the plaintiff a few days before the note was protested, at which the plaintiff urged him to endeavor to pay it, and stated that he had discounted the note to oblige the manager of the bank, and to help the maker out in the latter's account with the bank.

[1] The court, on objection interposed by counsel for the plaintiff, excluded further evidence with respect to the circumstances under which the note was made and discounted. We are of opinion that the court erred in excluding the evidence to which reference has been made, and in directing a verdict, and that the appellant's exceptions to those rulings were well taken.

[2] There is no evidence that the appellant attempted to authorize its president to make accommodation indorsements, and it was without power so to do, which distinguishes the case from that relating to accommodation indorsements by individuals (see Harger v. Worrall, 69 N. Y. 370, 25 Am. Rep. 206), and, on proof that the indorsement was for the accommodation of the maker, the burden shifted to the plaintiff to show that he was a holder for value, and became such without notice that the appellant was an accommodation indorser (Jacobus v. Jamestown Mantel Co., 211 N. Y. 154, 159, 105 N. E. 210; Nat. Park Bank v. German-American Mutual Warehouse & Security Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673; Nat. Bank of Newport v. H. P. Snyder Mfg. Co., 117 App. Div. 370, 102 N. Y. Supp. 478; Smith v. Weston, 159 N. Y. 194, 54 N. E. 38).

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.