NATIONAL INVESTMENT AND SECURITY COMPANY *vs.* WILLIAM K. COREY & others.

Suffolk.   November 16, 1915. — January 22, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes,* Holder in due course.   *Words,* "Immediate parties."

One who takes, without notice of any infirmity, the check of a corporation payable to him, which is signed properly in the corporate name by the treasurer of the corporation and is complete and regular upon its face and which is delivered to him by a third person in payment of a pre-existing debt due to him from that person, is a holder for value in due course under R. L. c. 73, § 69, and the corporation cannot recover from him the amount of the proceeds of the check on proving that the check was signed by its treasurer without authority and that the payee's debtor who delivered the check to him had no right to it.

A payee of a check who has taken it for value and is a holder in due course is not one of the "immediate parties" within the meaning of R. L. c. 73, § 33.

CONTRACT, by the National Investment and Security Company, a corporation organized under the laws of this Commonwealth and having a usual place of business in Boston, against co-partners doing business under the firm name of F. L. Milliken and Company, for money had and received by the defendants to the use of the plaintiff in the form of the proceeds of two checks as described in the opinion.   Writ in the Municipal Court of the City of Boston dated February 17, 1915.

The case was submitted upon an agreed statement of facts to

a judge of the Municipal Court of the City of Boston, who refused to make certain rulings requested by the plaintiff and found for the defendants. At the request of the plaintiff he reported the case to the Appellate Division for determination.

The Appellate Division reversed the finding for the defendants and ordered judgment for the plaintiff in the amount claimed in the plaintiff's declaration. The defendants appealed.

*W. Shuebruk,* for the defendants.

*F. Killam,* (*F. W. Doring* with him,) for the plaintiff.

CARROLL, J. The agreed statement of facts shows that two checks, one dated April 26, 1913, for $75, and one April 28, 1913, for $50, both payable to the defendants and signed by the National Investment and Security Company by Charles E. Walker, treasurer, as maker, were delivered, each on the day of its date, to the defendants by H. C. Wilson, who was indebted to them, with instructions to credit the checks to his account. This was done, and they were collected by the defendants in the usual course of business. The plaintiff now seeks to recover from the defendants the amount of the checks and interest thereon, on the ground that its treasurer had no authority to sign and deliver them.

The plaintiff was not indebted to the defendants and had no business relations with them. The checks were received by the defendants from Wilson in part payment of his pre-existing debt, and the defendants were therefore holders for value. R. L. c. 73, § 42. *Boston Steel & Iron Co.* v. *Steuer,* 183 Mass. 140.

Although the defendants are the payees of the checks, they did not receive them from the plaintiff or Walker, its treasurer. The checks came to the defendants from Wilson, to whom, presumably, they were delivered as completed instruments, and they came to the defendants without notice of any infirmity. The payee of a check under such circumstances is a holder in due course. *Liberty Trust Co.* v. *Tilton,* 217 Mass. 462. *Boston Steel & Iron Co.* v. *Steuer, supra.* See also *Fillebrown* v. *Hayward,* 190 Mass. 472.

The defendants are not "immediate parties" under R. L. c. 73, § 33, making such parties to a negotiable instrument chargeable with notice of the conditions or limitations attached to it.

As pointed out by Rugg, C. J., in *Liberty Trust Co.* v. *Tilton, supra,* at page 464, these words in the section refer to those who are "immediate" in the sense of knowing or being held to know of the conditions or limitations placed upon the delivery of the instrument. "A payee who is a holder in due course is not an immediate party in the sense of that section."

The plaintiff relies on *Tower* v. *Stanley,* 220 Mass. 429, and *Newburyport* v. *Fidelity Mutual Life Ins. Co.* 197 Mass. 596. In the first of these cases, while the holder of the note was a holder for value, he was not a holder in due course, because when the instrument was delivered to him it was in blank, as to the payee. Having purchased the note, with notice on its face, that when delivered by the maker it was incomplete, he was put on inquiry and was chargeable with the duty of ascertaining the authority of Williams, from whom the note was received. In the case at bar, the checks, when delivered to the defendants, were completed instruments. Their names were already inserted as payees and the checks were regular upon their face.

In *Newburyport* v. *Fidelity Mutual Life Ins. Co. supra,* the defendant received in payment of the individual debt of the city's treasurer, checks of the city of Newburyport. It was therefore apparent that the treasurer was using the funds of the city to pay his own debt. In the present case no such circumstances appear. Wilson delivered to the defendants a completed check payable to them. There was nothing in the character of the instrument to charge them with knowledge or to put them on inquiry. See *Johnson & Kettell Co.* v. *Longley Luncheon Co.* 207 Mass. 52, 56.

*Judgment reversed; judgment to be entered for the defendants.*