DURBROW v. SWEDISH IRON & STEEL CORP.

(Supreme Court, Appellate Term, First Department.  May 4, 1916.)

1. CORPORATIONS ⟳519(1)—POWERS—NOTES—ACCOMMODATION INDORSEMENTS.
    As a rule corporations are without power to bind themselves as accommodation parties, so that, where a corporation becomes party to negotiable paper for accommodation, the holder has the burden of proving that he holds for value and without notice that the corporation was an accommodation maker.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2091, 2093; Dec. Dig. ⟳519(1).]

2. CORPORATIONS ⟳519(3)—NOTES—EVIDENCE—ACCOMMODATION INDORSER.
    Evidence that a corporation gave a note to its debtor under an arrangement by which it took a mortgage on the debtor's machinery, tools, etc., and an assignment of accounts together with certain notes of the payee, for the purpose of ultimately discharging the indebtedness, would authorize a finding that the corporation was not an "accommodation indorser," but that there was consideration.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2085, 2089; Dec. Dig. ⟳519(3).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Mary L. Durbrow against the Swedish Iron & Steel Corporation. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Albert W. Meisel, of New York City, for appellant.

Blair & Rudd, of New York City (Arthur B. King, of New York City, of counsel), for respondent.

GUY, J.  There were two questions to which plaintiff directed her proof at the trial: (1) Whether the execution and delivery of the note in suit, signed in the name of the defendant corporation, by its vice president only, was authorized or ratified by the defendant; (2) whether the note was an accommodation note.

While the note was not signed by the treasurer and countersigned by the president, as prescribed by defendant's by-laws, the evidence given and offered in support of plaintiff's case was sufficient prima facie to establish that the execution of the instrument was authorized or ratified by the defendant.

[1, 2] Although as a rule corporations are without power to bind themselves as accommodation parties, so that, where it appears that a corporation became a party to a negotiable paper for accommodation, the holder has the burden of showing that he became such holder for value and without notice that the corporation was an accommodation party (Abbot v. Le Prevost, 166 App. Div. 40, 151 N. Y. Supp. 616; Jacobus v. Jamestown Mantle Co., 211 N. Y. 154, 105 N. E. 210), the proof given and offered in support of the cause of action tended

⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to show that the note in suit, to the order of the G. W. Bradley Ax & Tool Company, Incorporated, was given to the payee in exchange for notes of the Tool Company as part of a plan which included the execution and delivery to the maker by the payee of a chattel mortgage upon its machinery, tools, and equipment, and an assignment of the payee's accounts against third persons, by which arrangement it was hoped that the defendant, through financial assistance given the payee, would receive full payment of the indebtedness of the Tool Company to defendant. This testimony, if believed by the jury, would authorize a finding that the note in suit was not an accommodation note, upon which finding the plaintiff, a holder for value, would be entitled to a recovery.

In Carlaftes v. Goldmeyer Co., 72 Misc. Rep. 75, 129 N. Y. Supp. 396, the indorsement was not made or given in connection with any business transaction with the defendant in that action, and this court, following the decision in National Park Bank v. German American M. W. & S. Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673, held that, although collateral security was given to that defendant in consideration of its indorsement, the transaction was ultra vires, and no recovery could be had. Here, however, as before stated, the note, according to the evidence given and tendered, appears to have been given for a valuable consideration, which included notes of the payee not returned at the time of the trial, in connection with the business transactions of the defendant, and for the purpose of enabling it to collect its indebtedness against the payee.

It follows that the dismissal of the plaintiff's complaint was error, and the judgment must be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.