COLONIAL FUR RANCHING COMPANY *vs.* FIRST NATIONAL BANK OF BOSTON.

Suffolk.    January 12, 1917. — May 24, 1917.

Present: RUGG, C. J., LORING, BRALEY, & CARROLL, JJ.

*Contract,* Implied in law. *Bank. Bills and Notes. Evidence,* Inference.

The mere facts that a national bank, which had in its possession for collection a note of a corporation bearing also the personal indorsement of W, the corporation's treasurer, and of another, on the date when the note fell due received in payment of that note from a representative of the maker a check of another corporation signed by W, who was also its treasurer, payable to the bank's order and duly certified by a trust company upon which it was drawn, are not enough to compel an inference that the bank, when it received the check, knew that it was drawn by the treasurer upon the second corporation without authority and was used by him to pay his private debt.

The facts above described do not make necessary a finding for the plaintiff in an action by an assignee of the second corporation against the national bank for the amount of the check, alleged to have been money had and received by the defendant to the use of the plaintiff's assignor.

CONTRACT by the assignee of the St. Georges Bay Fur Company for money had and received to that corporation's use "in the form of a check of the St. Georges Bay Fur Company dated February 20, 1914, in the sum of $1,000.00 signed by its treasurer, Charles E. Walker, made payable to the First National Bank, received by said First National Bank in payment of private indebtedness or for the private benefit of said treasurer, with knowledge that the said check was drawn against funds of the

said St. Georges Bay Fur Company without authority." Writ in the Municipal Court of the City of Boston dated March 29, 1916.

On removal to the Superior Court, the case was heard by *Dana,* J., without a jury, upon the pleadings and an agreed statement of facts. He ruled that the plaintiff was not entitled to recover and reported the case to this court for determination. If his ruling was correct, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff for $1,000 with interest.

*N. W. Bingham, Jr.,* for the defendant.

*P. R. Ammidon,* for the plaintiff.

RUGG, C. J. The salient facts in this case are that there had been sent to the defendant for collection a note made by the Union Commercial Paper Company, bearing also the personal indorsement of one Walker, its treasurer, and of one Wing. The defendant sent notice to the Union Commercial Paper Company, maker, that the note had been forwarded to the defendant for collection. On its due date a representative of the maker presented to the defendant in payment of the note a check to the order of the defendant drawn by the St. Georges Bay Fur Company, signed by said Walker, he being treasurer of that organization as well as of the Union Commercial Paper Company, on the International Trust Company and certified by the trust company. The check was accepted in payment and the note was delivered by the defendant to the representative of the maker. The St. Georges Bay Fur Company had a checking account with the International Trust Company. The check was paid in course and the defendant remitted the proceeds to its correspondent, who had forwarded to it the note for collection. There was no further evidence other than such inferences as may be drawn from these agreed facts. The defendant had no interest in the note or check other than as collecting agent. It had no knowledge whether the St. Georges Bay Fur Company, the drawer of the check, had any relations with the Union Commercial Paper Company, the maker of the note; nor did it have any knowledge as to the authority or want of authority of Walker as treasurer to sign the check, and no notice of any infirmity in the check unless necessarily inferable from the circumstances stated.

The plaintiff is the assignee of the St. Georges Bay Fur Com-

pany and brings this action to recover of the defendant the proceeds of the check collected by it. Its ground of action is that the transaction on its face showed that it was a payment of the private debt of Walker, or for his benefit, out of the funds of the St. Georges Bay Fur Company without authority.

The plaintiff is not entitled to recover under these circumstances. The defendant bank, although named as payee of the check, was or might be, nevertheless, a holder in due course. *Liberty Trust Co.* v. *Tilton,* 217 Mass. 462, and cases there collected. By R. L. c. 73, § 76, every holder is deemed *prima facie* to be a holder in due course. The defendant became a holder in due course by receiving a check complete and regular on its face, before being overdue, in good faith and for value, with no notice of any infirmity in the check or defect in the title of the person negotiating it. R. L. c. 73, § 69. *Shawmut National Bank* v. *Manson,* 168 Mass. 425. *Boston Steel & Iron Co.* v. *Steuer,* 183 Mass. 140. There is nothing in the agreed facts to indicate that the check was not given by its maker, the St. Georges Bay Fur Company, to the Union Commercial Paper Company in payment of a debt owed by it to the latter company, having been previously made at its request to the order of the defendant in order that the check might be used in payment of the note of the Union Commercial Paper Company held by the defendant for collection. Moreover, the check was certified by the trust company, on which it was drawn, before it was offered to the defendant. For aught that the latter knew, that certification may have been procured by the Union Commercial Paper Company, whose representative presented it to the defendant.

The check, complete in every respect as to form, was tendered to the defendant by a representative of the maker, the Union Commercial Paper Company, who was the one primarily liable on the note, and not by Walker, whose liability was only secondary. There was nothing in the transaction to indicate that the check was intended as a payment of the debt of Walker, but on the contrary everything indicated that it was intended as a payment of the debt of the maker of the note. In principle the case at bar is indistinguishable from *National Investment & Security Co.* v. *Corey,* 222 Mass. 453. *Allen* v. *Fourth National Bank,* 224 Mass. 239, 244. See, also, *Allen* v. *Puritan Trust Co.* 211 Mass. 409, 423.

The cases relied on by the plaintiff do not support its contention. In *Newburyport* v. *Fidelity Mutual Life Ins. Co.* 197 Mass. 596, the check of a municipality drawn by its treasurer to the order of his creditor was by him handed to that creditor. Plainly that transaction bore on its face evidence of its infirmity. Here the primary debtor was not the treasurer, Walker, but the Union Commercial Paper Company, whose representative presented the check to the defendant and received the note from it. The facts that Walker was secondarily liable and was treasurer of both companies, and was not the person apparently active in the transaction, plainly distinguish this case in its essential facts from that case. The numerous cases from other jurisdictions relied on by the plaintiff, so far as applicable, are similar to *Newburyport* v. *Fidelity Mutual Life Ins. Co.* 197 Mass. 596, are not at variance with the conclusion here reached, and need not be reviewed in detail. There is nothing in *Johnson & Kettell Co.* v. *Longley Luncheon Co.* 207 Mass. 52, which requires a finding for the plaintiff. The decision of *Farrington* v. *South Boston Railroad,* 150 Mass. 406, turned on the peculiar nature of certificates of stock in a corporation and did not involve the law of negotiable instruments.

In accordance with the terms of the report, let the entry be

*Judgment for the defendant.*