## COSMOPOLITAN TRUST COMPANY *vs.* S. VORENBERG COMPANY.

Suffolk.   March 21, 1923. — May 25, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust Company*, Liquidation.   *Bills and Notes.   Set-off.*

After the commissioner of banks has taken possession of the property and business of a trust company for purposes of liquidation, a depositor in the trust company's commercial department cannot offset the amount of his deposit in defence of an action by the commissioner in the name of the trust company against him as an indorser upon a note given to the trust company in its commercial department.

In an action by a trust company, the payee, against the maker of a promissory note, the defendant, by reason of G. L. c. 107, § 52, is not entitled to rely in defence upon a contention that he was only an accommodation maker and that the party really liable as maker was one who, intending to sign his name as indorser, inadvertently signed the defendant's name, and to whose credit the proceeds of the discounting of the note were placed by the payee.

In an action by the commissioner of banks, in possession of the property and business of a trust company for purposes of liquidation, in the name of the trust company against a corporation, the maker of a promissory note payable to the trust company which the trust company had discounted, placing the proceeds to the individual credit of one, who was the president and general manager of the defendant and the owner of most of its capital stock and who, intending to sign his individual name as an indorser upon the note, inadvertently signed the defendant's, the defendant offered to prove the above facts and also that such officer and principal stockholder of the defendant, who was a depositor in the plaintiff's commercial department, after the commissioner took possession sent to the commissioner's agent a check on another bank and requested that this and his deposit balance be applied to pay what remained due on the note; that the agent so applied only the check on the other bank; that the defendant corporation had no deposit in the trust company and that all loans made on its paper were regarded as made to the individual above described. *Held,* that facts so offered to be proved would not constitute a defence, as they did not establish either payment or legal or equitable set-off.

CONTRACT for $10,047.28, being the balance of principal and interest alleged to be due to the plaintiff upon a note

dated August 12, 1920, payable to the plaintiff's order in four months in the amount of $40,000, signed and indorsed by S. Vorenberg Company, the defendant. Writ dated December 7, 1921.

In the Superior Court, the action was tried before *Wait,* J. The plaintiff introduced the note in evidence and rested. The counsel for the defendant then in an opening statement to the jury set forth in detail the facts which the defendant proposed to show in defence. At the close of the statement, the trial judge ruled that, " assuming that the facts should be found by the jury to be as stated in the opening, the jury would not be warranted in finding a verdict for the defendant," and thereupon ordered a verdict for the plaintiff.

A verdict accordingly was entered for the plaintiff in the sum of $11,166.74; and the defendant alleged exceptions.

*S. L. Whipple,* (*A. M. Beale* with him,) for the defendant.

*S. M. Child,* for the plaintiff.

DeCourcy, J. The note in suit was dated August 12, 1920, and payable four months after date to the order of the Cosmopolitan Trust Company. This action was brought by the commissioner of banks against the maker, S. Vorenberg Company to recover the balance due, ($10,047.28) with interest.

The defendant made an offer of proof, in substance as follows: Since 1912 Simon Vorenberg had been a depositor and borrower in the trust company. At some time (not stated) his business was incorporated as the S. Vorenberg Company: he being president, general manager, and owner of most of the capital stock. On January 13, 1919, a note for $40,000, signed by S. Vorenberg Company, was discounted by the trust company, and the proceeds carried to the account of Simon Vorenberg; the money subsequently being turned over to and used by the corporation, in whole or in part. The same was true of the succeeding notes dated December 12, 1919, and April 14, 1920. This note of August 12 was indorsed apparently " S. Vorenberg Co.; " but it was claimed that this was done inadvertently for " S. Vorenberg." The bank commissioner took possession of the trust company on September 25, 1920. In December

a payment of $20,000 was made on account of the note in suit. In January (1921) Vorenberg, who then individually had $10,047.28 on deposit in the trust company, sent to the agent in liquidation a check on another bank for $9,952.72, and requested that this and his deposit balance be applied to pay what remained due on the note, viz. $20,000. The agent so applied the $9,952.72 only. The defendant further offered to prove that while Vorenberg was a depositor in and director of the trust company the defendant corporation had no deposit therein: and that " as between Mr. Vorenberg, who negotiated these loans, and the Cosmopolitan Trust Company, Mr. Mitchell being its president, the loans were regarded as loans to Mr. Vorenberg who received the proceeds of the note, and not the debt, or primary obligation at least, of the Vorenberg Company."

The trial judge ruled that assuming the facts should be found by the jury as stated in the opening, they would not warrant a finding for the defendant; and he directed a verdict for the plaintiff, — subject to the defendant's exceptions.

1. Even if the indorsement " S. Vorenberg Co." was intended to be that of Simon Vorenberg, and was so regarded by the parties, and if these facts could be successfully set up in this action at law, nevertheless it is settled that Vorenberg as indorser could not offset his personal deposit against the liability of the corporation maker. *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272.

2. The underlying claim of the defendant, that it was only an accommodation maker and that the party really liable as maker was Simon Vorenberg, would be unavailing in view of the express provisions of G. L. c. 107, § 52. That section of the negotiable instruments law provides that an accommodation party " is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." And, as was said in *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 207: " The obligation of all makers, whether for accommodation or otherwise, is to pay to the holder for value according to the terms of the bill or

note. . . . The act makes no provision for the proof of another and different relation than that expressly undertaken and defined by the tenor of the instrument signed. The fact that one is an accommodation maker gives rise to a duty no less or greater or different to the holder for value than that imposed upon a maker who received value."

3. The facts alleged in the offer of proof would not constitute a defence, as they do not establish either payment, or legal or equitable set-off. As to payment, the language of this court in the recent case of *Cosmopolitan Trust Co.* v. *Lyons,* 244 Mass. 115, is applicable: " The commissioner had no authority to compromise the note here in suit or to accept anything except cash or its equivalent in payment of it. He was not empowered gratuitously to extinguish liability of the makers of the note. G. L. c. 167, § 24. The check of . . . [the indorser] was drawn on an insolvent bank which was not meeting its obligations and whose affairs were in liquidation. Hence it could not constitute payment of the note." The defendant corporation cannot avail itself of the deposit of Simon Vorenberg by way of set-off. The statute, G. L. c. 232, is applicable only to the parties; and Vorenberg is not a party to this action at law.

The alleged defence of equitable set-off is not made out for various reasons. In order to have Vorenberg's deposit availed of as an equitable defence, he should be a party to the proceedings, as in the cases relied on by the defendant. Further, for the reasons set forth in the Lyons case, the tender of the check of a third person on an insolvent bank · would not entitle the defendant in equity " to be absolutely and unconditionally relieved against the plaintiff's claim " under G. L. c. 231, § 31. And finally, the commissioner, acting on behalf of creditors, and having a collectible claim against the maker, could not be compelled to forego that security and to accept a deposit of the indorser which was not worth its face value. *Prudential Realty Co.* v. *Commissioner of Banks,* 241 Mass. 277.

*Exceptions overruled.*