EDWARD A. McLAUGHLIN, trustee, vs. PAINE FURNITURE
COMPANY.

Suffolk.    March 29, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Evidence,* Presumptions and burden of proof.   *Notice.   Corporation,* Officers
and agents.   *Bills and Notes,* Holder in due course.   *Contract,* Implied.

At the trial of an action by the trustee in bankruptcy of a corporation against
a furniture dealer for the proceeds, alleged to have been had and received
by the defendant to the use of the corporation, of a check of the corporation
payable to the defendant, it appeared that the check was given to the de-
fendant by the corporation at the request of a customer of the defendant
to pay for furniture purchased of the defendant by its customer, who was
not shown to be in any way connected with the corporation.   Excepting
as above stated, there was no evidence as to the authority of the officer
who signed the corporation's name to the check or as to the purpose for
which it was issued.   *Held,* that
  (1) The defendant was *prima facie* a holder in due course of the check
under G. L. c. 107, § 82, when he received its proceeds;
  (2) There was no evidence requiring an investigation by the defendant
to ascertain whether the check was authorized to be issued by the cor-
poration;
  (3) A finding for the defendant was warranted.

CONTRACT by the trustee in bankruptcy of the Great
Western Hide Corporation for $1,149.75, alleged to have
been had and received to that corporation's use by the de-
fendant.   Writ dated February 19, 1921.

The action was heard in the Superior Court by *McLaughlin,*
J., without a jury.   It appeared that the money sought to
be recovered was paid to the defendant upon a check of Great
Western Hide Company payable to the defendant's order
and delivered to the defendant by one Crohan at the request
of one Wolff as the purchase price of goods sold by the
defendant to Wolff.   Other material evidence is described
in the opinion.

At the request of the plaintiff, the judge gave the following
rulings:

" 33. There is no evidence of any investigation by the defendant corporation to learn whether the giving of said check was authorized.

" 34. The burden is upon the defendant to show that it was a holder in due course."

" 38. There is no vote in the corporate record book authorizing the president or treasurer to appropriate the funds of the corporation in payment of individual debts."

" 43. The burden of proof is upon the defendant to show that it gave value for said check and received it in good faith."

The following rulings asked for by the plaintiff, were refused:

" 29. The fact that the defendant Paine Furniture Company was a seller of furniture, and that the Great Western Hide Corporation was a dealer in hides, and would have no occasion to incur a debt for the purchase of furniture for Mrs. Wolff, required the defendant Paine Furniture Company to make investigation whether said check was authorized.

" 30. Upon all the evidence the defendant Paine Furniture Company knew or should have known that the giving of said check was not authorized by the Great Western Hide Corporation."

" 35. Where a check of a corporation is made payable to the creditor of an individual, the transaction which on the face of the check is represented to have taken place is an appropriation of the corporation's money to the payment of the individual's debts, and is bad unless shown to be good.

" 36. Since the transaction is bad unless shown to be good, since the purchaser took with notice (given on the face of the check), his rights depend upon the transaction being what it purports to be on the face of the check and no question of a purchase in good faith can arise."

" 39. Upon all the evidence the defendant did not take the check described in the declaration in good faith.

" 40. Upon all the evidence the defendant took the check described in the declaration with notice that Crohan had no right to give it.

" 41. Upon all the evidence the defendant had knowledge of such fact that its action in taking the check amounted to bad faith as a matter of law.

" 42. Upon all the evidence the check described in the declaration was made and delivered to the defendant in fraud of the Great Western Hide Corporation."

" 44. Upon all the evidence the plaintiff is entitled to recover."

The following rulings asked for by the defendant, were given:

" 10. The defendant is a holder in due course of check number 2872 [the check in question].

" 11. [The check in question] . . . was complete and regular on its face within the meaning of R. L. c. 73, § 69, cl. 1."

" 13. To constitute notice of an infirmity in [the] check . . . or in the title of the person who negotiated it to the defendant the latter must have had actual knowledge of the infirmity or defect, or knowledge of such facts that its action in taking the check amounted to bad faith.

" 14. There is no evidence that in taking [the] check . . . the defendant had actual knowledge of any infirmity therein or of any defect in the title of the person who negotiated it within the meaning of R. L. c. 73, § 73.

" 15. There is no evidence that in taking [the] check . . . the defendant had knowledge of such facts that its action in taking the check amounted to bad faith within the meaning of R. L. c. 73, § 73.

" 16. Unless [the] check . . . was taken by the defendant in payment of the personal indebtedness of Paris there is no presumption that it was drawn without authority although it was payable directly to the defendant.

" 17. Unless [the] check . . . was taken by the defendant in payment of the personal indebtedness of an officer or employee of Great Western Hide Corporation there is no presumption that it was drawn without authority although it was payable directly to the defendant.

" 18. There is no evidence that [the] check . . . was taken by the defendant in payment of the personal indebted-

ness of any officer or employee of Great Western Hide Corporation.

"19. Upon all the evidence the sale was made to Wolff and there is no evidence that any one else was indebted to the defendant on account thereof.

"20. There is no evidence that either Crohan or Paris was indebted to the defendant on account of this sale.

"21. There is no evidence that Wolff was an officer or employee of Great Western Hide Corporation."

The judge found for the defendant; and the plaintiff alleged exceptions.

*E. A. McLaughlin, Jr.*, for the plaintiff.

*C. O. Pengra*, (*F. W. Knowlton* with him,) for the defendant.

PIERCE, J.   This is an action of contract on an account annexed for money had and received, brought by the plaintiff as trustee in bankruptcy of the Great Western Hide Corporation, to recover $1,149.75 which the defendant received through the collection of a check of the bankrupt delivered to it under circumstances, as is claimed by the plaintiff, which preclude the defendant from retaining the money.

These circumstances are as follows: Sometime in July, 1919, prior to July 25, the defendant through a salesman sold for "cash before delivery" certain furniture to a Mrs. Wolff and charged the goods to Mr. E. A. Wolff; the salesbook entry reads, "Charge to Mr. E. A. Wolff, 202 Lincoln Street, to be delivered July 25th." Before the sale the salesman had never seen Mrs. Wolff and he did not know Mr. Wolff. Prior to July 25, the salesman had a telephone conversation with Mrs. Wolff wherein she told him to send down to B. Crohan, 71 South Street, Boston, Massachusetts, to get the money so the defendant could deliver the goods. The salesman accordingly dictated a letter which he sent by messenger to Crohan, which was as follows:

"July 25, 1919.

Mr. B. Crohan,
   71 South St.,
     Boston, Mass.

Dear Sir:

Kindly deliver to bearer check for $1149.75 as per the enclosed bills. Please return these bills with the check as I have orders from Mrs. Wolff to mail receipted bills to Essex Hotel, Room 110. Thanking you, I am

Yours very truly,<br>Paine Furniture Company

Dictated by       [Signed] W. Marland Sewall.
W. Marland Sewall"

The messenger sent by the defendant brought back to the defendant a check in form as follows:

"Great Western Hide Co.             No. 2872.

Boston, Mass., July 25, 1919.

Pay to the
   order of Paine Furniture Co.         $1149.75
Eleven Hundred Forty Nine Dollars Seventy Five Cents
Dollars

To the             Great Western Hide Co.
Metropolitan Trust Company [Signed] Phil M. Paris
President<br>Treasurer

5-122 Boston, Mass."

The defendant deposited the check to its account in The First National Bank of Boston, through which it was cleared to the defendant's credit. When Mrs. Wolff telephoned she did not state to the salesman who Crohan was or mention Great Western Hide Corporation; nor did the defendant or its salesman at this time know anything about the Great Western Hide Corporation or the relation to it of Paris, the signer of the check, except in so far as the check disclosed that Paris was the treasurer of the plaintiff corporation.

On the foregoing facts the defendant payee named in the check was a holder under R. L. c. 73, § 207, now G. L. c. 107, § 18, and is deemed *prima facie* to be a holder in due course. R. L. c. 73, § 76.   G. L. c. 107, § 82.   The evidence is clear that the defendant received the check for value, without actual knowledge of any infirmity in the instrument or defect in the title of the person negotiating it;  R. L. c. 73, § 73, G. L. c. 107, § 79;  and there is no evidence that the defendant in receiving the check had such knowledge of facts that its action in taking the instrument amounted to bad faith. G. L. c. 107, § 79.   The evidence does not warrant a finding that the defendant knew or should have known that the check was an unauthorized use of the funds of the corporation to pay the debt of an officer of the corporation;  and is entirely consistent with an exchange of the check for money, which money was given to Crohan by Wolff to purchase the check which Crohan was to deliver and did deliver to the defendant in payment of the debt of Wolff to the defendant. We find nothing in the evidence which required an investigation by the defendant to ascertain whether the issuance of the check was authorized.   We think the case is governed by *National Investment & Security Co.* v. *Corey*, 222 Mass. 453, and the *Colonial Fur Ranching Co.* v. *First National Bank of Boston*, 227 Mass. 12;  and that the case of *Johnson & Kettell Co.* v. *Longley Luncheon Co.* 207 Mass. 52, upon which the plaintiff relies, is not applicable.

What has been said covers all the exceptions argued by the plaintiff.   These exceptions must be overruled.

*Exceptions overruled.*