ANNA ROSENTHAL, Plaintiff, *v.* 34TH STREET SHOP, INC., and " JACOB " SHUPACK, etc., Defendants.

Municipal Court, Borough of Manhattan, Second District, Part III, June 22, 1927.

Bills and notes — action on promissory note signed by president of corporation to order of individual and discounted by plaintiff before maturity — plaintiff had right to presume corporation had authority to issue note where evidence shows note was issued in due course — corporation defendant liable.

This is an action on a promissory note, which was signed by the president of the corporation defendant to the order of an individual and discounted by plaintiff before maturity. Since the corporation had power to issue a note, plaintiff, a *bona fide* holder for value, who took the instrument before maturity, had the

right to presume it was issued under circumstances which gave the requisite authority, particularly where an examination of the note itself discloses that it was issued in due course; therefore, since the proof shows that plaintiff did not know that the defendant corporation was an accommodation maker, it must follow that plaintiff is entitled to judgment.

ACTION on a promissory note executed by president of corporation to order of individual.

*Harris Koppelman,* for the plaintiff.

*Abraham J. Halprin,* for the defendant.

PANKEN, J.    The undisputed facts in this case are as follows: The plaintiff discounted the note in evidence, which note was signed by the president of the 34th Street Shop, Inc., to the order of Jacob Shupack.    The note had been discounted by Jacob Shupack before maturity.    The evidence discloses further that the note was signed by the president, and that he personally received nothing in return therefor.

There is nothing on the face of the note to indicate that this instrument was not issued by the corporation in due course.    It is contended by the defendant that the president signed the note as an accommodation to the payee, and that it was not a note issued in payment for any merchandise purchased by the corporation, or in anywise on behalf of the corporation.    There is some testimony that the plaintiff's husband made an inquiry of the president of the corporation as to the validity of the note, and that he was then informed that it was given in payment for merchandise sold by the payee to the corporation.    I was not impressed by the testimony of the plaintiff's husband.    Some testimony has also been adduced showing that some time prior to the execution of the note, the corporation had purchased some silks from the payee.

The question to be decided is whether in view of the circumstances the defendant in this case is answerable to the plaintiff. It is evident that the plaintiff took this note without knowing whether or not it was an accommodation paper.

It has been repeatedly held that the president of a corporation, in active charge of the corporate business, is clothed with the authority and power to sign the corporate name to any instrument executed in the course of the corporate business.

In the case of *Jacobus* v. *Jamestown Mantel Co.* (211 N. Y. 154) the court said: " A manufacturing corporation has no power to make or indorse notes for the accommodation of others.    [Citing cases.]    One who deals with the officers or agents of a corporation is bound to know their powers and the extent of their authority. (*Alexander* v. *Cauldwell,* 83 N. Y. 480.)    Notwithstanding the gen-

eral rule stated, a corporation is bound if it makes or indorses commercial paper for the accommodation of another in respect to a *bona fide* holder who discounts it before maturity on the faith of its being business paper.   *   *   * ''

Defendant's counsel refers me to the case of *National Park Bank* v. *German-American Mutual Warehousing & Security Co.* (116 N. Y. 281). The quotation in that case as appears from the brief of counsel is evidently made part of the opinion in that case by error. The quotation, from whatever case, however, does not sustain the defendant's contention. It reads as follows: '' When it is shown that a corporation indorser was an accommodation party, the burden of proof shifts to the plaintiff to show that he was a holder in due course of the instrument and became such without notice that the corporation was an accommodation party. (*Abbott* v. *Le Prevost*, 166 App. Div. 40; 151 N. Y. S. 616.) When an individual signs a note, either as maker or indorser, for the benefit of another, and allows it to be put in circulation, he is liable to a holder for value, although such holder knew him to be an accommodation party * * *. So that the rule adverted to does not obtain in this case, and the plaintiff must show that it was a holder for value, and also that it did not know the accommodation character of the defendant's signature.''

The evidence is clear that the plaintiff did not know that the defendant corporation was an accommodation maker, and has sustained the burden of proof thereon.

The opinion in *National Park Bank* v. *German-American Mutual Warehousing & Security Co.* (*supra*) does not controvert the principle above enunciated. In that case the court reversed the judgment, saying: '' The indorsements having been made for the accommodation of the makers, and the plaintiff, having discounted the notes with notice of that fact, cannot recover.''

In a case where a corporation has power to issue negotiable paper, and the purpose for which it is issued is not absolutely prohibited by statute, a *bona fide* holder of such paper will be protected, though it appears that the paper was unauthorized for the particular purpose for which it was made. The rule is that where a corporation has under any circumstances power to issue negotiable paper, a *bona fide* holder for value taking the paper before maturity has the right to presume that it was issued under circumstances which gave the requisite authority, if it appears on the face of such negotiable paper that it has been duly issued by the corporation.

The charter under which the corporation operates its business does not prohibit its issuance of any negotiable paper. It is

empowered to conduct the business of buying and selling silks, satins and trimmings. In the ordinary course of business conducted by a corporation of this type the issuance of notes is a necessary concomitant; it had under the charter power to issue this note.

The evidence discloses that the payee who discounted the note for the plaintiff had received on many occasions from the defendant corporation notes of a character similar to the one in evidence. Whether or not those notes had been paid by the corporation or taken up by the payee, is not disclosed. That, however, would not affect the issue in this case.

The defendant cannot avail itself of the defense of *ultra vires* in this case.

It has been held that a corporation may do that which is required to be done in its ordinary course of business, and may issue notes for the purposes of its business, unless it is absolutely prohibited by statute.

It follows that the *bona fide* holder of negotiable paper issued by a corporation will be protected, though it may appear that the particular purpose for which it was made was not authorized.

Any other rule would disorganize the commercial life of our community. It cannot be conceived that a person discounting a note issued by a corporation, and it appearing to have been issued in the due course of business, should be required to make inquiries as to whether or not it was an accommodation paper, or that it be tainted in any wise. Particularly is that true where the maker and payee are engaged in like business.

Judgment directed for the plaintiff.