DENCH & HARDY Co., Appellant, *v.* JOHN J. HANSON, INC., Respondent, Impleaded with WILLIAM A. HANSON, Defendant.

First Department, May 1, 1936.

*Edwin Hort* of counsel [*Rosston & Hort,* attorneys], for the appellant.

*B. Hoffman Miller* of counsel [*Nathaniel Phillips,* attorney], for the respondent.

MARTIN, P. J.   The appellant, the second indorser on a promissory note, brought this action against the respondent corporation, the first indorser, to recover the amount paid the holder when the note was protested upon the default of the maker.   At the time the note was delivered to the appellant by the maker it had thereon the indorsement of the corporate respondent.   Thereafter it was indorsed by the appellant and discounted with the Atlantic National Bank of Boston.   The answer of the respondent alleged that at the time the appellant received and indorsed the note it had knowledge that the respondent's indorsement was an accommodation and that respondent had received no consideration therefor. A question having been raised as to the authority of the respondent's officer to bind it he was joined as a party defendant, but the complaint was dismissed as to him.   At the trial the plaintiff placed the note in evidence, proved the authority of the executing officer to execute and indorse negotiable instruments on behalf of the respondent and also proved that it was a holder for value. This completed the appellant's evidence.   The respondent moved for a dismissal, on which motion decision was reserved, and rested without offering any evidence.   Both sides moved for judgment and the trial court granted judgment in favor of the defendant.

It is not disputed that the indorsement by the respondent corporation was an accommodation indorsement.   There is, therefore, but one question presented by this appeal.   Is the mere showing that a defendant is an accommodation indorser sufficient as a

defense or must the corporation go further and allege and prove that the indorsement is *ultra vires?*

Section 55 of the Negotiable Instruments Law reads as follows:

" § 55. Liability of accommodation party. An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

There is nothing in the section which indicates that it is applicable to an individual only and not to a corporation. Cases passing upon the liability of corporate accommodation indorsers decided prior to the enactment of the Negotiable Instruments Law are not helpful. The only case decided since the adoption of section 55 to which our attention has been called is *Oppenheim* v. *Simon Reigel Cigar Co.* (90 N. Y. Supp. 355). That is an Appellate Term decision. The opinion does not set forth the facts but the language would indicate that the indorsement was *ultra vires.* In that case Judge BISCHOFF stated that section 55 does not refer to corporations. We do not agree with that interpretation. The section uses the expression " person " and the Negotiable Instruments Law itself defines " person " to include a body of persons whether incorporated or not incorporated.

The object of this section was to render ineffectual the defense of " accommodation " as against a holder for value. It was not intended, however, to set aside settled principles of law as to accommodation contracts by corporations. A corporation may still establish that its power to execute or indorse negotiable instruments was exceeded in a particular instance. It may do so by setting up the defense of *ultra vires.*

The Massachusetts statute with reference to the liability of accommodation indorsers is similar to ours and the Supreme Judicial Court of that Commonwealth has on several occasions considered the question. In *New Hampshire National Bank* v. *Garage & Factory Equipment Co.* (267 Mass. 483; 166 N. E. 840), Chief Judge RUGG, writing for the court, said:

" It follows from G. L. c. 107, § 52, that a corporation cannot interpose the mere defence that it is an accommodation party in bar of an action by a holder in due course. That was settled under the negotiable instruments act by *Cosmopolitan Trust Co.* v. *S. Vorenberg Co.*, 245 Mass. 317, 319. It was the common law as to a holder without notice. *Bird* v. *Daggett*, 97 Mass. 494; *Monument National Bank* v. *Globe Works*, 101 Mass. 57. See

also *Colonial Fur Ranching Co.* v. *First National Bank of Boston,* 227 Mass. 12; *National Investment & Security Co.* v. *Corey,* 222 Mass. 453; *McLaughlin* v. *Paine Furniture Co.,* 245 Mass. 377, 382; *Union Trust Co.* v. *McGinty,* 212 Mass. 205, 207, and *Miller* v. *Levitt,* 226 Mass. 330.

"The defence of *ultra vires* stands on a different footing. That defence is that the indorsement of a negotiable instrument before delivery by a corporation not otherwise a party to the instrument, for the accommodation of another, is not commonly within the power of an ordinary commercial corporation, and that therefore, if the holder of negotiable paper takes it with knowledge or notice of the fact of such accommodation indorsement, it is open to such accommodation indorser to set up such knowledge coupled with evidence of the *ultra vires* nature of the indorsement in defence to an action of the negotiable instrument. *Boston Box Co., Inc.,* v. *Shapiro,* 249 Mass. 373, 380. *Bennett* v. *Corporation Finance Co., Inc.,* 258 Mass. 306, 313. *J. G. Brill Co.* v. *Norton & Taunton Street Railway,* 189 Mass. 431. See also *Back Bay National Bank* v. *Brickley,* 254 Mass. 261, 267.

"Although it is provided by G. L. c. 107, § 52, that an accommodation party ' is liable to a holder in due course notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party,' this was not designed to change the law as to corporations and their legal powers even when read in conjunction with §§ 82 and 47 already referred to. The General Court has not thereby extended the powers of every corporation to include the making of accommodation indorsements. This in substance was decided by *J. G. Brill Co.* v. *Norton & Taunton Street Railway,* 189 Mass. 431. See *Oppenheim* v. *Simon Reigel Cigar Co.* 90 N. Y. Supp. [Appellate Division — misprint for Appellate Term] 355. The circumstances already narrated, under which the note here in suit was made, indorsed and delivered, were sufficient to give notice to the plaintiff that the defendant was an accommodation indorser and that the defence of *ultra vires* was open to the defendant."

In the case of *Cosmopolitan Trust Co.* v. *Vorenberg Co.* (245 Mass. 317; 139 N. E. 482), referred to in the above quotation, the court said: "The underlying claim of the defendant, that it was only an accommodation maker and that the party really liable as maker was Simon Vorenberg, would be unavailing in view of the express provisions of G. L. c. 107, § 52. That section of the Negotiable Instruments Law provides that an accommodation party ' is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be

only an accommodation party.' And, as was said in *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 207: ' The obligation of all makers, whether for accommodation or otherwise, is to pay to the holder for value according to the terms of the bill or note. * * * The act makes no provision for the proof of another and different relation than that expressly undertaken and defined by the tenor of the instrument signed. The fact that one is an accommodation maker gives rise to a duty no less or greater or different to the holder for value than that imposed upon a maker who received value.' "

In Pennsylvania the Uniform Negotiable Instruments Law containing a section similar to the one here under consideration is in effect. The courts there have placed the same construction thereon as have the Massachusetts courts. In *Putnam* v. *Ensign Oil Co.* (272 Penn. St. 301; 116 A. 285) it was said: " Generally, a corporation may not become an accommodation endorser or maker of a note, that not being within corporate powers, but defendant, as a corporation, would be no different than a natural person as an accommodation maker; neither could defend on that ground as against a holder in due course. As to him, the accommodation maker is liable on the instrument, notwithstanding that at the time of taking the instrument he knew the maker was only an accommodating party: Negotiable Instruments Act, section 37; *Penn Safe Dep. & T. Co.* v. *Stetson*, 175 Pa. 160, 161."

Notwithstanding the fact that the indorsement on the note in suit was an accommodation, it does not follow that it was *ultra vires*. Not every accommodation indorsement by a corporation is *ultra vires*. (*Bacon* v. *Montauk Brewing Co.*, 130 App. Div. 737.)

The certificate of incorporation of the respondent was not before the trial court. Since the trial that has been introduced by consent into the record. It discloses that the respondent is a mercantile corporation with power to perform all acts necessary for, appertaining to or incidental to its business and to perform such acts as fully as natural persons might or could do either as principals or agents. The record does not disclose any facts to negative the conclusion that the indorsement of the note in suit might have been in furtherance of the respondent's corporate business. If in fact it was *ultra vires*, the respondent could have established that on the trial had it. set up the defense of *ultra vires*, which, of course, must be affirmatively alleged. (*Hess* v. *Sloane*, 66 App. Div. 522.)

We conclude, therefore, that to avoid its liability as accommodation indorser the corporate defendant should have set up and proved the defense of *ultra vires*. In the absence of such

defense and upon the proof presented by the appellant the plaintiff is entitled to a new trial.

The determination of the Appellate Term and the judgment of the City Court should be reversed, and a new trial granted, with costs to the appellant in all courts to abide the event.

McAvoy, O'Malley, Untermyer and Dore, JJ., concur.

Determination appealed from and judgment of the City Court unanimously reversed and a new trial granted, with costs to the appellant in all courts to abide the event.