BROCKPORT NATIONAL BANK, Respondent, v. WEBACO OIL COMPANY, INC., Appellant, and THOMAS N. NAGLE, as Receiver of the FIRST NATIONAL BANK OF BROCKPORT, Respondent.

Fourth Department, May 10, 1939.

*Van Duser, Liebschutz & Curran* [*Arthur B. Curran* and *Philip M. Liebschutz* of counsel], for the appellant.

*Mann, Strang, Bodine & Wright* [*James Mann, John G. Shaw* and *John W. Branch* of counsel], for the plaintiff, respondent.

*Abbott, Rippey & Hutchens* [*Harold G. Hutchens* of counsel], for the respondent, Thomas N. Nagle, as receiver, etc.

CUNNINGHAM, J.   The complaint sets forth that the plaintiff is the holder of a mortgage in which it has not any interest at the present time and which mortgage is claimed by both defendants. The complaint and the exhibits attached thereto state facts sufficient to constitute a cause of action of interpleader.

The appellant claims that an interpleader action may be maintained only against two or more persons who claim the whole or any part of a sum of money payable by plaintiff under a contract, as provided in section 285 of the Civil Practice Act, and that sections 285 and 287 of the Civil Practice Act provide the exclusive remedy when an interpleader is sought. However, a right of action of interpleader existed at common law when a thing, debt or duty was claimed by two or more persons to be owing by the plaintiff. (*Dorn* v. *Fox*, 61 N. Y. 264; *Bassett* v. *Leslie*, 123 id. 396.) This rule of the common law will not be deemed repealed unless the clear meaning of the language of these sections of the Civil Practice Act absolutely requires such construction. (*Transit Commission* v. *Long Island R. R. Co.*, 253 N. Y. 345, 355.)

In *Pouch* v. *Prudential Insurance Co.* (204 N. Y. 281, 284) and *Williamsburgh Savings Bank* v. *Bernstein* (277 id. 11, 16) it is recognized that an action of interpleader will lie when adverse claims to the same thing, debt or duty are made by defendants.

The mortgage provides that it is given to secure the payment of notes thereafter owned or held by the First National Bank of Brockport, executed by the appellant, or upon which it may be liable. We consider the phrase " upon which it may be liable " as intended to cover liability as an indorser of a note. The fact that the indorsement of appellant was for the accommodation of the maker of the note does not alone relieve the appellant of liability. (Neg. Inst. Law, § 55; *Hess* v. *Sloane*, 66 App. Div. 522; affd., 173 N. Y. 616; *Bacon* v. *Montauk Brewing Co.*, 130 App. Div. 737.)

The plaintiff claims that its indorsement of the note now held by the defendant Nagle, as receiver, was *ultra vires*. This is a defense to be proved by the appellant. (*Dench & Hardy Co.* v. *Hanson, Inc.*, 247 App. Div. 355; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.)

The appellant had power to indorse the note for the accommodation of the maker, The Brockport Lumber and Supply Co., if it were done for the purpose of protecting its own business interests. (*Hess* v. *Sloane*, supra; *Bacon* v. *Montauk Brewing Co.*, supra.) The appellant's name as indorser was placed upon the note by the president of the company. The fact that the president of appellant had general authority to transact business for it is shown by the evidence of other corporate business conducted by him on behalf of the appellant. The appellant has failed to prove that its indorsement was not made for the purpose of protecting its business interests and, therefore, has failed to sustain the burden of proof.

We believe that the court correctly decided that the receiver of the First National Bank of Brockport was the holder of the $10,000

note indorsed by appellant and that the collateral mortgage was given as security for the payment of the same and that the receiver was entitled to a reassignment of the mortgage. There are some questions raised as to admission of evidence which seem unimportant, and such evidence did not have any effect upon the decision of the trial court.

The trial court, in addition to directing a reassignment of the mortgage to the receiver, has granted a judgment of foreclosure and sale. The complaint does not contain a demand for the fore-closure of the mortgage.

The *lis pendens* was not filed as required. (Civ. Prac. Act, § 1080; Rules Civ. Prac. rule 258.)

There may be necessary parties defendant who have not been joined herein. (Civ. Prac. Act, § 1079.)

No doubt people would not care to purchase the mortgaged property at a sale under this judgment. The question of the validity thereof would tend to keep bidders away.

Therefore, the interlocutory judgment should be affirmed and the final judgment be modified upon the law by striking therefrom paragraph 4, directing foreclosure and sale, and, as modified, affirmed, without costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNING-HAM and TAYLOR, JJ.

Final judgment modified upon the law by striking out paragraph numbered 4 thereof, and, as so modified, is, together with the interlocutory judgment, affirmed, without costs.