LEVA RODKIND, Respondent, *v.* KHOSROVSHAHI Co., INC., Appellant, et al., Defendants.

First Department, March 11, 1952.

*Bertram H. Siegeltuch* of counsel (*Walter M. Weisberg*, attorney), for appellant.

*Julius Weiss* for respondent.

SHIENTAG, J. The maker of a promissory note, Khosrovshahi Co., Inc., appeals from a judgment against it and in favor of the holder of said note in the sum of $8,132.72, representing the face amount of the note plus interest and costs. The note, signed by one who was both president and treasurer of the defendant corporation, was made payable to a codefendant Saffian (not served with process), who, through his attorney in

fact, indorsed it to the plaintiff. Two defenses were interposed in the answer. First, that the note in suit was solely for the accommodation of the indorser and codefendant Saffian; and second, that the issuance of such accommodation paper was *ultra vires* the corporation. At the end of the trial, which was before court and jury, the plaintiff moved for a directed verdict, which motion was not joined in by the defendant. The court thereupon directed a verdict in favor of the plaintiff for the full amount of the note, plus interest and costs.

At the trial it was stipulated that the note in question was an accommodation note. Similarly, it was agreed that the plaintiff herein is a holder for value. As a result of a previous business transaction, in which defendant had no interest, Saffian had become indebted to the plaintiff. This indebtedness was evidenced by a $15,000 note of the defendant which was also executed as an accommodation to Saffian. The note here sued upon was indorsed to the plaintiff by Saffian in exchange for the original note and as part of a negotiated reduction of the debt.

On this appeal, defendant relies principally upon the contention that the accommodation note was *ultra vires* the corporation. It is, of course, the general rule that, in the absence of specific authorization, corporations are ordinarily deemed to be without power to issue accommodation paper. (*National Park Bank* v. *German-Amer. Mut. Warehousing & Security Co.,* 116 N. Y. 281.) To that rule a series of decisions have introduced this qualification: where the accommodation paper is issued to advance or protect some corporate interest it is not deemed to be *ultra vires*. (*Dench & Hardy Co.* v. *Hanson, Inc.,* 247 App. Div. 355; *Brockport Nat. Bank* v. *Webaco Oil Co.,* 257 App. Div. 68.)

With respect to this issue, one Khosrovschahi, president and treasurer of the corporation, and the individual who signed the note, testified without contradiction that the corporation never had business dealings with the plaintiff or with Saffian, and that his relationship with Saffian was purely personal and social. Although the burden of proof to establish the defense of *ultra vires* is always on the corporate defendant (*Dench & Hardy Co.* v. *Hanson, Inc.,* 247 App. Div. 355, *supra*), this testimony certainly raised an issue of fact which should have been submitted to the jury as to whether or not the accommodation note was signed in furtherance of the corporation's business or given to advance some legitimate corporate objective.

The conclusion above indicated is in no way affected by the circumstance that Khosrovschahi was vested with authority to sign negotiable paper for the corporation, exercised virtually complete executive authority over corporate affairs and, together with relatives, controlled about 60% of the stock of the corporation. There is no evidence in this record to indicate that the other stockholders knew of the issuance of corporate paper for accommodation purposes or that they in any way acquiesced in or ratified such issuance.

For purposes of the decision below, the learned Trial Judge assumed that the plaintiff had notice of the accommodation nature of the paper. The record contains contradictory testimony concerning this question. The rule has long been established that a corporation will be held liable on accommodation paper, although *ultra vires* in character, to a holder for value without knowledge of the accommodation nature of the paper. (*Jacobus* v. *Jamestown Mantel Co.*, 211 N. Y. 154, 159; *National Bank of Newport* v. *Snyder Mfg. Co.*, 117 App. Div. 370; *Rosenberg* v. *Bekenstein*, 211 App. Div. 791, 795.) Assuming the defense of *ultra vires* to have been established, the burden of proof would rest upon the holder to establish lack of knowledge of the accommodation nature of the paper. (*Abbott* v. *Le Prevost*, 166 App. Div. 40, 43; see Beutel's Brannan on Negotiable Instruments Law [7th ed.], p. 578.)

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

PECK, P. J., DORE, COHN and BERGAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.